### ELIOT v. JONES et al.

### SAME v. CIRCLE PUB. CO. et al.

(Supreme Court, Special Term, New York County. January 19, 1910.)

INJUNCTION (§ 96[*])—RIGHT TO USE NAME—USE FOR ADVERTISING PURPOSES—INJUNCTION.

> Plaintiff is president emeritus of Harvard University, and is editing for a publishing company for compensation an edition of books known and advertised by it as the "Harvard Classics" and "Dr. Eliot's Five-Foot Shelf of Books," and defendant, without plaintiff's consent to the use of his name, published several advertisements announcing the sale of a set of books entitled "Dr. Eliot's Famous Five-Foot Shelf of World's Greatest Books," "Dr. Eliot's Five-Foot Shelf," and "Dr. Eliot's Set." Plaintiff claims that his reputation will be injured by the unauthorized use of his name in connection with the inferior edition advertised by defendant. Laws 1903, c. 132, § 2, permits any person whose name, etc., is used for advertising purposes, or for purposes of trade, without his written consent, to enjoin the use of his name for that purpose. Held, that plaintiff was entitled to restrain defendant from using his name to advertise defendant's set of books.

> [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 96.[*]]

Actions by Charles W. Eliot against E. Milton Jones, doing business as the University Library Extension, and by Charles W. Eliot against the Circle Publishing Company and another. On motion for an injunction pendente lite. Motion granted.

Shepherd, Smith & Harkness, for plaintiff.

Henry D. Williams, for defendants.

NEWBURGER, J. The plaintiff is the president emeritus of Harvard University, and is now editing an edition of books being published by Collier & Son, and known and advertised by them as "The Har-

---

[*]For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vard Classics" and "Dr. Eliot's Five-Foot Shelf of Books," for which plaintiff receives remuneration from Collier, payable from time to time. The plaintiff at no time has given his consent to the use of his name by the defendants. The defendant E. Milton Jones does business under the name of University Library Extension. In the months of November and December, 1909, the defendants caused to be published in several publications in this city an advertisement announcing the sale by them for the price of $14.75 of 10 volumes of books, entitled "Dr. Eliot's Famous Five-Foot Shelf of the World's Greatest Books," and "Dr. Eliot's Five-Foot Shelf," and "Dr. Eliot's Set." The plaintiff claims that the advertisement is published without his consent, and that the defendants had no authority to use plaintiff's name; that the plaintiff's reputation will be injured by the use of his name in connection with the inferior edition advertised by the defendants. The answer of the defendant Jones admits that he is now preparing for publication and sale a series of books, including selections by Dr. Charles W. Eliot, and that they are not published with the consent or authority of Dr. Eliot. The defendant Jones further claims that the advertisements complained of were inserted in the magazines and newspapers without his direction.

The affidavits clearly show that not only had he knowledge of, but supplied the material for, the advertisements. Section 2 of chapter 132, of the Laws of 1903 provides:

"Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without first obtained, may maintain an equitable action in the Supreme Court of this state against the person, firm or corporation, so using his name, portrait or picture, to prevent and restrain the use thereof."

The Court of Appeals in Rhodes v. Sperry & Hutchinson Co., 193 N. Y. 223, 85 N. E. 1097, 127 Am. St. Rep. 945, has sustained the constitutionality of this act. Mr. Justice Willard Bartlett, in delivering the opinion of the court in that case, said:

"The statute merely recognizes and enforces the right of a person to control the use of his name or portrait by others, so far as advertising or trade purposes are concerned. This right of control in the person whose name or picture is sought to be used for such purposes is not limited by the statute. The requirement of his written consent in order to effectuate a valid transfer of the privilege of thus using his name or portrait is not any more liable to constitutional objection than the requirement of the statute of frauds that an executory contract for the sale of personal property exceeding $50 in price must be made in writing in order to be enforceable."

The Circle Publishing Company has interposed no defense and consents to the issuance of the injunction. Plaintiff has made out such a case as warrants the intervention of a court of equity.

The motion for an injunction pendente lite is therefore granted. Settle order on notice.