COLLIER v. JONES et al.

(Supreme Court, Special Term, New York County. January 19, 1910.)

TRADE-MARKS AND TRADE-NAMES (§ 70\*)—UNFAIR TRADE—INJUNCTION.

Where plaintiffs had printed and published and advertised very extensively a set of books selected by Dr. Eliot, former president of Harvard University, under the title of "The Harvard Classics," and designated in advertisements and in labels on the books as "Dr. Eliot's Five-Foot Shelf of Books," and had sold many thousand volumes, they were entitled to a temporary injunction restraining defendants from advertising and selling a different set of books under the titles of "Dr. Eliot's Five-Foot Shelf of the World's Best Books" and "Dr. Eliot's Five-Foot Shelf of the World's Greatest Books."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.\*]

Suit for an injunction by Robert J. Collier against E. Milton Jones and others. Injunction granted.

Shepherd, Smith & Harkness, for plaintiff.
Henry D. Williams, for defendants.

NEWBURGER, J. The facts in this case are somewhat similar to those in the Eliot Case, 120 N. Y. Supp. 989. The complaint alleges, as additional facts to those contained in the Eliot Case, that the plaintiff entered into the contract with Dr. Eliot, and that in pursuance thereof plaintiff commenced to print and publish the writings so selected by Dr. Eliot in a uniform edition, with three separate styles of binding, under the title of "The Harvard Classics," and since October 13, 1909, has been selling the books so published by it with the trademark "Dr. Eliot's Five-Foot Shelf of Books," printed on the outside of all the books; that prior to the 1st day of December, 1909, the plaintiff had published and sold about 30,000 volumes of the said set of books, inclosed in such wrappers; that plaintiff has invested and expended large sums of money in the preparation, printing, advertising, publication, and distribution of said books; that during the month of June, 1909, plaintiff advertised in "Collier's, The National Weekly," a publication having a large circulation, an advertisement describing the proposed publication of said books; that the income derived from the books already published and distributed has been large, while the income from the books not yet published or distributed has promised to be much larger; that plaintiff has also caused a similar advertisement to be published in all the leading magazines in the United States; that the plaintiff caused to be printed a pamphlet of 25 pages, entitled, "Announcement of the Harvard Classics, edited by Charles W. Eliot, LL. D., Dr. Eliot's Five-Foot Shelf of Books, P. F. Collier & Son, Publishers;" that said pamphlet was placed in the hands of some 3,000 representatives of the plaintiff for their use in securing subscriptions for said books; that, notwithstanding that the words "Dr. Eliot's Five-Foot Shelf of Books" have become descriptive of and are a trade-mark of said books, the defendants have, since November, 1909, with intent to deceive and defraud the public and to damage the

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, advertised in a magazine and a daily newspaper, both having large circulations, that they are preparing and about to publish a series of 10 volumes under the designation of "Dr. Eliot's Five-Foot Shelf of the World's Best Books," and "Dr. Eliot's Five-Foot Shelf of the World's Greatest Books"; that in said advertisement the defendants solicit from the public subscriptions for the said 10 volumes for the sum of $4.25. The complaint further alleges that the defendants, seeking unfairly to compete with plaintiff in respect of his enterprise aforesaid, have advertised and offered for sale and published the sets of books heretofore referred to. The affidavits submitted and the correspondence therein referred to show that the defendants had knowledge of the publication by the plaintiff, and the agreement between the defendant Jones and Messrs. Thwing and Beers, referred to in the defendant Jones' affidavit, also shows that the defendants feared that there might be some legal proceeding enjoining them from interfering with the plaintiff in the publication of the books advertised by him. The defendant the Circle Publishing Company consents to the granting of an injunction.

There appears to be no doubt that the defendants are seeking by unfair competition or unfair trade in putting upon the market a series of books, while not similar in appearance and make-up to the set which plaintiff has published, yet, in adopting the name of "Dr. Eliot's Five-Foot Shelf of Books," the title which plaintiff has advertised extensively for a long while, indicates an attempt to deceive the public into buying defendants' publications, believing them to be those published by the plaintiff. While it is conceded by the defendants that their publications are of less value, yet, as their books are offered for sale by subscription, the purchaser will not see the books until they are delivered. Mr. Justice Scott, in Dutton v. Cupples, 117 App. Div. on page 176, 102 N. Y. Supp. on page 312, says:

"Nor, in so flagrant a case as the present, is it necessary to prove that any person was actually deceived by the imitation. It is apparent that there was every probability of such deception, and that is precisely what the law seeks to prevent. Vulcan v. Myers, 139 N. Y. 364 [34 N. E. 904]. Upon the general right of the plaintiff to protective relief we cannot see any reason why the same rule should not be applied to a book that has been applied to a game, or to cigars, or to anything else which is distinguished by a label, or by the distinctive form or style of the package. The decisive fact is that the defendants are unfairly and fraudulently attempting to trade upon the reputation which plaintiff has built up for its books. The right to injunctive relief in such a case is too firmly established to require the citation of authorities."

For these reasons the motion for an injunction pendente lite will be granted upon the plaintiff giving an undertaking in a sum to be fixed upon the settlement of the order.