Samuel H. Hofstadter, J.
Defendant moves for summary judgment, pursuant to rule 114 of the Rules of Civil Practice, upon the first cause of action. It rests upon a claimed violation of the Civil Rights Law.
Plaintiff was in contractual relationship with the defendant and designed certain devices for it. He complains that, in its advertising, defendant named the plaintiff as designer of the devices offered for sale and thereby used his name for purposes of trade and without consent. The advertising copy is attached to the complaint, and plaintiff alleges concerning it that defendant thereby indirectly implied that he had manufactured or vouched for the quality of the equipment. It appears from *844 the face of the complaint and from the written contract between the parties that the accreditation of design is truthful, while the alleged implication of the advertising copy is conclusory and legally ineffective. The truthful statement of plaintiff’s association with the product does not warrant the maintenance of a cause for breach of the Civil Eights Law (Jaccard v. R. H. Macy & Co., 265 App. Div. 15; Ellis v. Hurst, 70 Misc. 122, affd. 145 App. Div. 918).
Plaintiff urges that he has been damaged, since defendant’s products are advertised in such a manner as to suggest to the general public that they possess qualities that they actually do not have.
As consultant, plaintiff has designed electronic equipment of various kinds for other firms in the field and has been in business as a manufacturer of electronic equipment, using the name “ BROCINER ELECTRONICS ”.
While in the Jaccard case (supra) the right to use the name, in the circumstances there, was accorded in the absence of unfair competition, the mentioned factors do not appear in the complaint, nor does it seek recovery upon that theory.
The motion is granted, awarding judgment, dismissing the first cause of action, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.