CHARLES W. MEAD vs. JAMES BILLINGS.

May 21, 1889.

Appeal—Order Granting New Trial—Presumption.—Upon an appeal from an order granting a new trial to the defendant, unless the plaintiff should consent to a reduction of the amount awarded him by a jury, the settled case did not purport to contain all of the evidence. Held, following Chesley v. Mississippi, etc., Boom Co., 39 Minn. 83, which overruled Henry v. Hinman, 21 Minn. 378, that under such circumstances it will not be presumed that the evidence was "manifestly and palpably in favor of the verdict."

Appeal by plaintiff from an order of the district court for Hubbard county, Sleeper, J., presiding, granting a new trial unless plaintiff should consent that the verdict in his favor be reduced from $1,116.88 to $384.32. The action was brought to recover $1,265.37, alleged to have been paid to defendant by plaintiff as usurious interest.

O. W. Baldwin and F. A. Vanderpoel, for appellant.

A. G. Broker, for respondent.

COLLINS, J. Appeal from an order granting a new trial to defendant, unless the plaintiff should consent to a reduction of the amount awarded him by the verdict of a jury. There is no statement in either settled case, or in the judge's certificate of its settlement, that the case, as settled, contains all of the evidence received upon the trial. The party alleging error in an order granting a new trial must show it by the record; that is, from the record before this court it must affirmatively appear that the order ought not to have been granted; and, to justify us in reversing such an order, it must be made to appear that the evidence was "manifestly and palpably in favor of the verdict." *Chesley* v. *Mississippi, etc., Boom Co.*, 39 Minn. 83, (38 N. W. Rep. 769,) in which *Henry* v. *Hinman*, 21 Minn. 378, was overruled. As the settled case now before us does not purport to contain all of the evidence offered and received upon the trial, error in making the order appealed from cannot be presumed

Order affirmed.

NOTE. A motion for reargument of this case was denied June 10, 1889.