HENRY H. BRACKETT vs. WILLIAM CUNNINGHAM and others.

November 17, 1890.

Appeal—Requirement that Case must Contain all the Testimony.—
The rule heretofore laid down that, where a determination of an appeal depends upon the determination of an issue of fact, the settled case must show affirmatively that all of the testimony pertaining to such issue is presented, followed and applied.

Alleged erroneous rulings of the trial court relating to the exclusion of certain testimony considered and disposed of.

Appeal by defendants from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial after verdict of $2,474.65 for plaintiff, and from the judgment entered on the verdict. The action was brought to recover the price realized by defendants upon the sale of cattle and hogs consigned to them by plaintiff, and upon a bill of exchange accepted by the defendants. In their answer the defendants allege that the cattle and hogs consigned to them were the property of a copartnership composed of plaintiff

and E. A. Whitman and C. Dodge; that at the time of the consignment there was due from said copartnership to the defendants the sum of $2,723.28; that pursuant to the usage and agreement of the parties the defendants applied the proceeds of the cattle and hogs upon their claim against the partnership; and that, by reason of the non-joinder of Whitman and Dodge as plaintiffs, there is a defect of parties plaintiff. The answer also denies that defendants ever accepted the bill of exchange. In the reply the plaintiff, among other things, denies the alleged partnership between himself and Whitman and Dodge, and denies that the cattle and hogs were the property of such partnership, and alleges that they were wholly the property of plaintiff.

*Hall & Kirkpatrick* and *John D. O'Brien,* for appellants.

*Fish & Evans* and *Warren H. Mead,* for respondent.

COLLINS, J.   Upon the ground that the testimony produced on the trial of this action clearly established that plaintiff and the witnesses Whitman and Dodge were copartners in business, at least as to defendants, the latter strenuously contend, upon appeal, that the verdict was not justified by the evidence, and that a new trial must be granted.   The question as to whether the alleged partnership actually existed, as claimed by defendants and denied by plaintiff, was undoubtedly made the principal one upon the trial by all concerned, and the jury were so informed by the learned judge presiding, in a full and accurate charge, to no part of which did either party except. We are unable to say that the verdict was not justified by the evidence, for the settled case does not purport to contain all thereof.

1.  It has been held repeatedly in this court, the most recent case being *Mead* v. *Billings,* 40 Minn. 505, (42 N. W. Rep. 472,) that, where a determination of the appeal depends upon an issue of fact, the settled case must show affirmatively that all of the evidence pertaining to the issue is presented.   In this instance the certificate is palpably insufficient and defective, for in it the judge merely states that "the within is allowed and signed as the settled case," and the omission referred to is not elsewhere supplied.   It is not absolutely necessary that the essential fact be made to appear in the certificate signed by the judge, but it may be made apparent otherwise in the

settled case. *Coleman* v. *Reierson,* 36 Minn. 222, (30 N. W. Rep. 811.)

2. Defendants excepted to several rulings made by the court upon the trial, relating to the admission or exclusion of certain testimony. But two of these rulings need be referred to. The court was right in refusing to allow appellants to show that all of the cattle about which this controversy arose were purchased with the profits of prior, but similar, transactions between plaintiff and Whitman and Dodge. The fact that profits sufficient to pay for all these cattle had been made by the parties would have no more tendency to prove the existence of a partnership between them than would evidence that a greater or less sum had accumulated as profits. Furthermore, it had already been shown that the business was profitable; and, just before the question was asked which led to the ruling complained of, the exact amount of these profits had been stated by the witness.

The court was also right when excluding that page of defendants' ledger, offered in evidence by them, upon which appeared an account with Whitman. We know of no rule of evidence which would permit the defendants to establish the fact that plaintiff was a member of the alleged firm by entries made in their own books, in an account kept with another person. Again, if the rule were otherwise, we have no means of determining the relevancy or irrelevancy of the offered testimony. The entries in question have not been made a part of the record on this appeal.

Order affirmed.