HANNAH E. JOHNSON v. OLIVER M. JOHNSON and Another.[1]

May 13, 1904.

Nos. 13,848—(56).

**Fraudulent Representations.**

In an equitable suit to set aside a voluntary conveyance upon the ground that it was obtained through fraudulent misrepresentations as to its character, *held*, that the findings of the court that no fraudulent practices were resorted to, to secure the deed, are sustained by the evidence, yet the reception of improper evidence, whose consideration had controlling influence upon the conclusion of the trial court, requires a new trial.

[1] Reported in 99 N. W. 803.

**Judge's Memorandum.**

> While the memorandum of the trial court is not a substantive part of the findings, it is required to be returned, and may, if necessary, be resorted to for the purpose of interpreting the meaning of the findings, if it had that effect, as appears in this case.

Appeal by plaintiff from an order of the district court for Clay county, Baxter, J., denying a motion for a new trial. Reversed.

*F. H. Peterson* and *C. G. D. Johnson,* for appellant.

*William Russell* and *C. A. Nye,* for respondents.

LOVELY, J.

This was an equitable suit to set aside a deed from plaintiff to the defendants upon the ground that it was procured by fraud. The court found that the allegations of fraud were not sustained, and ordered judgment for defendants. This appeal is from an order refusing to set aside the findings of the court and denying a new trial.

The plaintiff is the widow of Thomas J. Johnson, who was the owner at the time of his death of four lots in the city of Moorhead, on which their home was situated. The defendant Oliver is the brother of the deceased, and Hannah N. Johnson is his mother. The deed which plaintiff seeks to set aside in this action was a voluntary conveyance, without pecuniary consideration, but is claimed on the part of the plaintiff to have been given by the plaintiff in furtherance of the wishes of her deceased husband. The material allegations in the complaint upon which relief was demanded substantially set forth that the defendants represented to the plaintiff that they were desirous of assisting her in settling up the affairs of her husband, who had recently died, and represented that they proposed to probate the estate, and secured her signature to a conveyance, falsely pretending that it was a petition for the appointment of an administrator. There is no allegation in the complaint that plaintiff was unduly influenced by representations of the wishes of her husband, or that it was the purpose of defendants to mislead her or influence her mind by false statements in that respect; and if the cause had been tried within the narrow lines of the issues solely, we are satisfied that the findings of the trial court, so far as they sustained the transaction, would, under the well-settled rules which we

must apply in such cases, forbid interference with the result, but from the rulings and the findings of the court upon matters not within the issues, we are required to go further and inquire whether prejudicial error was committed in this respect.

On the cross-examination of the plaintiff, who had given testimony to support the claim that she was misled as to the character of the instrument she executed, she was asked this question,

"Before your husband died, had he made any request as to the disposition of his property?" which was objected to, and sustained. Plaintiff was then asked, "Isn't it a fact that he had dictated to the nurse at the hospital as to the disposition that was to be made of the property left by him?" which was objected to as incompetent, irrelevant, and immaterial. The plaintiff answered: "The nurse had written down what he wanted to be done, on a piece of paper. I was present when my husband died. I did not see the paper, but I got the paper after he died, and now the paper is in the probate court." Again, this question was asked, "Your husband had an insurance policy upon his life for two thousand dollars, did he not?"

which was objected to as incompetent, irrelevant, and immaterial, and the witness was required to answer that he had an insurance of $2,000, wherein she was the beneficiary, and that she had received the money. No further testimony was given as to the wishes of plaintiff's husband, nor does it appear what they were.

Under the pleadings, this evidence was clearly irrelevant for the purpose of showing undue influence or a fraudulent attempt to affect the plaintiff's actions, and the evidence as to the benefits received from the life insurance was irrelevant and incompetent. That such evidence would be prejudicial, if the case had been tried to a jury, cannot be denied. No consideration passed to the plaintiff for the deed. It was a voluntary gift. Hence the fact that the desires of the dead husband may have had a potential influence upon her mind, inducing her to deed away her homestead, and that her husband had made a provision for her by life insurance, may have created an impression upon her mind that materially controlled her conduct.

While a voluntary conveyance is valid if lawfully executed, the

transactions connected with its execution should be subjected to the closest scrutiny; and, unless it can be assumed that improper evidence outside the issues could not have prejudiced the party against whom it was admitted, the cause should be reversed, and a new trial granted. While the testimony is conclusive to show that the attorney who drew the deed acted in perfect good faith, there had been preliminary conversations between the parties; and, if the wishes of the deceased husband had been made use of, and it had been pleaded as a substantive ground of fraud, or an inducement which led to the execution of the deed, its admission would have been proper, but, without being pleaded, it was admitted, and in the findings of the trial court it seems to have been given potential weight. The court finds, in addition to other facts which are supported by the evidence quoted that the deceased husband of the plaintiff left no real estate, except the homestead referred to, but that plaintiff received $2,000 upon a policy of life insurance on his life, and that the warranty deed involved was executed for no other consideration than a desire and purpose on the part of the plaintiff to carry out the request of her husband, made and executed just before his death. In the memorandum of the trial court, it appears as its reason for its decision that the plaintiff was not left destitute, but received $2,000 of life insurance money; that the plaintiff,

> Soon after her husband's death, with a praiseworthy desire to carry out his wishes, expressed to her a short time before his death, did execute the deed to set aside which this action is brought, * * * and, no doubt, feeling that she was well provided for, anxiously carried out the wishes of her deceased husband.

We would be required to hold, where it did not appear that improper evidence was received, that it had been disregarded, if necessary to sustain the findings; but in this case the facts found by the court clearly indicate that irrelevant and prejudicial evidence had been considered, and was evidently given potential weight, and, while the memorandum of the court is no part of its order, yet it is required to be returned, and may be considered where it furnishes a controlling reason for the court's decision. It seems to us reasonably certain that the trial court, as indicated in the findings, and more clearly in the memorandum, was

influenced by improper testimony as to the deceased husband's wishes and by the receipt of the insurance, and hence did not scrutinize with sufficient care the evidence to sustain the voluntary gift to defendants.

The order appealed from is reversed, and the cause remanded.