HENRY HOLLAND v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 2, 1904.

Nos. 14,084—(115).

**New Trial.**

In a personal injury action the court did not err in granting defendant's motion for a new trial and denying its motion for judgment notwithstanding the verdict.

**Review—Memorandum of Judge.**

A memorandum of the trial judge attached to, but not made a part of, the order granting a new trial, cannot be considered in determining upon what ground the order was granted, the order being explicit by its own terms.

Action in the district court for Ramsey county to recover $30,000 for personal injuries. The case was tried before Olin B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $18,500. From an order granting a motion for a new trial and denying a motion for judgment notwithstanding the verdict, plaintiff and defendant severally appealed. Both orders affirmed.

*Samuel A. Anderson,* for plaintiff.

*W. R. Begg, J. A. Murphy,* and *Heber McHugh,* for defendant.

LEWIS, J.

Plaintiff brought this action for the recovery of damages for personal injuries received by him while acting as brakeman in switching operations in defendant's yard. A verdict having been returned for plaintiff, a motion was made by defendant in the alternative for judgment in its favor notwithstanding the verdict, or for a new trial. The court denied the motion for judgment notwithstanding the verdict, but granted the motion for a new trial, stating in the order it was upon the ground that the verdict was not justified by the evidence. A memorandum was attached, signed by the trial judge, but not made a part of the order, in which was discussed the effect of a failure to introduce the Wisconsin statute with reference to negligence of fellow servants. Defendant appealed from the order denying its motion for judgment

[1] Reported in 101 N. W. 608.

notwithstanding the verdict, and plaintiff appealed from the order granting defendant's motion for a new trial.

From an examination of this case our conclusion is that the order of the trial court granting a new trial must be affirmed, and that the order denying defendant's motion for judgment notwithstanding the verdict must be affirmed; and, since there must be a new trial, we shall refrain from a critical discussion of the evidence. Plaintiff was a member of a switching crew at the elevator yards of defendant company in Superior, Wisconsin. It was the duty of this crew to locate loaded cars in the elevators, and collect and separate defendant's cars from the foreign ones. Plaintiff claims that while riding on top of a string of cars for the purpose of releasing brakes the train was backed up to run over a switch into another track; that he had loosened all of the brakes except upon the last two cars, and had just stepped from the third to the next to the last car when the train was stopped with unusual suddenness, causing a violent jerk, by which he was hurled from the train and fell under the wheels of the last car.

Negligence on the part of defendant is based upon two grounds—that the foreman in charge was guilty of negligence in giving the signal to stop at the particular time plaintiff was in a critical position, and that the engineer was guilty of negligence in stopping the train with unusual and unnecessary force. At the time in question the crew were engaged in kicking the rear car into the side track, which was done by driving the engine along for a certain distance, and then reversing it, allowing the released car to proceed by the momentum. The position of plaintiff on top of the train, and the nature of the jerk, appear to have been the critical questions in dispute. Several witnesses on the part of defendant testified that the sudden stop occasioned by reversing the engine was not unusual, and that appellant at the time was standing near the end of the car, and fell by reason of his own carelessness. On the other hand, plaintiff testified that he was about twenty feet from the end of the car, and that the sudden jerk threw him off his balance; that he took hold of the brake handle, and attempted to save himself, but that the momentum was too strong, and he was forced to let go, and so fell between the cars. The evidence as to the merits, taken as a whole, was not so manifestly and

palpably in favor of defendant as to require the entry of judgment notwithstanding the verdict.

Plaintiff takes the position on this appeal that the trial court based its order granting a new trial solely upon the fact that plaintiff failed to introduce the Wisconsin statute with reference to negligence of fellow servants. The argument is that the introduction of that statute was omitted through inadvertence, and is based upon the memorandum of the court. While the memorandum may sustain this contention, yet, under the well-settled rule, when the order is explicit in itself, the memorandum will not be considered unless made a part of the order. In this case the order specifically states that a new trial was granted upon the ground that the evidence was not sufficient to sustain the verdict, and we are not at liberty to assume that the court intended to limit its meaning by the discussion in the note.

Both orders are affirmed.