HANNAH E. JOHNSON v. OLIVER M. JOHNSON and Another.[1]

April 3, 1908.

Nos. 15,354—(109).[2]

Action in the district court for Clay county to have a certain warranty deed, claimed to have been fraudulently obtained, declared null and void and canceled and surrendered to plaintiff. The case was tried before Watts, J., who found as conclusion of law that plaintiff was entitled to judgment, and a jury who returned the special finding mentioned in the opinion. Defendants' motion for a new trial was denied. From the judgment entered pursuant to the findings, defendants appealed. Affirmed.

*William Russell, C. A. Nye* and *James M. Witherow*, for appellants.
*C. G. Dosland* and *F. H. Peterson*, for respondent.

PER CURIAM.

This was an action brought to set aside a deed running from plaintiff to defendants, inter alia, on the ground of fraud. The court found for defendants. Plaintiff moved for a new trial. On the denial of her motion she appealed to this court. The order was reversed. Johnson v. Johnson, 92 Minn. 167, 99 N. W. 803. This court there held "that the findings of the [trial] court that no fraudulent practices were resorted to, to secure the deed, are sustained by the evidence, yet the reception of improper evidence, whose consideration had controlling influence upon the conclusion of the trial court, requires a new trial."

Upon a second trial the following question was submitted to a jury: "Was the plaintiff induced to execute the deed in question by fraudulent representations made to her by the defendants, or either of them, or any one in their behalf?" The answer of the jury was: "Yes." The testimony on both trials was largely the same, except that here there had been excluded, in accordance with the opinion of this court, the material "evidence whose consider-

[1] Reported in 115 N. W. 1133.　　　[2] October, 1907, term calendar.

ation had controlling influence upon the conclusion of the trial court" in its finding that no fraudulent practices were resorted to.

The facts were quite fully stated in the previous opinion of this court. The essential issue on the merits now is, as was there stated, whether the defendants fraudulently "represented that they proposed to probate the estate and secured her [plaintiff's] signature to a conveyance, falsely pretending that it was a petition for the appointment of an administrator." No question of law is here involved, save the familiar one whether the findings of fact embodying the special finding of the jury previously set forth are sustained by the evidence. The trial court which made this finding presided at the jury trial. He heard and saw the witnesses. This is a case to which the rule in Hicks v. Stone, 13 Minn. 398 (434), applies with particular force. His view of the sufficiency of the evidence must be sustained.

The second class of errors assigned concerns the admission or rejection of testimony occurring at the trial. We have examined all the specifications, and find none of them sufficient to justify a reversal.

Affirmed.