## EBEN G. ALTON v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

### April 23, 1909.

### Nos. 16,082—(79).

**Memorandum of Trial Court.**

*Held*, following Kipp v. Clinger, 97 Minn. 135, that a memorandum. not made a part of an order granting a new trial, which in itself is clear and positive, may not be referred to for the purpose of impeaching the order or overcoming the effect thereof.

**New Trial—Insufficient Damages.**

.The evidence in this case justifies the order of the trial court granting a new trial on the ground that the damages awarded by the verdict were insufficient.

[1] Reported in 120 N. W. 749.

Action in the district court for Ramsey county to recover $30,000 damages for personal injuries sustained while in the employ of defendant railway company. The case was tried before Orr, J., and a jury which returned a verdict in favor of plaintiff for $3,450. From an order granting plaintiff's motion for a new trial on the ground of inadequate and insufficient damages, defendant appealed. Affirmed.

*F. W. Root* and *Nelson J. Wilcox,* for appellant.

*Barton & Kay,* for respondent.

START, C. J.

This is an appeal by the defendant from an order of the district court of the county of Ramsey granting the plaintiff's motion for a new trial in a personal injury action. The plaintiff sustained serious injuries while in the discharge of his duties as a brakeman in the employ of the defendant at a point on its Wisconsin Valley Division in the state of Wisconsin. He was riding, at the time he was injured, on a caboose, from which he was thrown by the train, to which it was attached, colliding, by reason of the defendant's alleged negligence, with two cars standing on the same track. There is no substantial conflict in the evidence as to the extent and permanency of the injuries sustained by the plaintiff as a result of such injuries. His left leg was so broken and crushed that it was necessary to amputate it above the knee and some seven inches below his body. He sustained a compound fracture of the kneecap of his right leg, with an opening into the knee joint also, a fracture of the anterior brim of the pelvis on the right side, and he was cut on the right cheek and bruised on his right forearm and over his heart, which interferes to some extent with his breathing. The injuries to his right leg prevent the free use of his knee and hip joints, and have so weakened the leg that it is not strong enough to hold him up, which will necessitate his using crutches so long as he lives. The injury to his right forearm has impaired to some extent the normal strength of his hand.

He claimed, in his complaint, $30,000 damages on account of his injuries. The jury gave him a verdict for $3,450. Thereupon a motion was made on his behalf for a new trial for the following reasons: "(1) Insufficient damages, appearing to have been given under the influence of passion and prejudice. (2) That the verdict is not justified by the evidence and is contrary to law." The trial court made its

order granting a new trial, which was in these words: "This cause came on for hearing upon plaintiff's motion for a new trial herein on the ground of inadequate and insufficient damages. Now, after consideration of the argument of counsel, it is ordered that said motion be and the same is hereby granted." Attached to this order was a memorandum, which the court did not make a part of its order, in which the court made, with others, the statements following: " *  *  * There is nothing to indicate the presence of passion or prejudice herein, and the court does not find the existence of any passion or prejudice in the verdict returned. But the verdict for the plaintiff established the defendant's liability, and the jury was thereupon bound to give adequate and reasonable compensatory damages. * * * I am clearly satisfied that, in view of the serious injuries which the plaintiff sustained herein to both of his legs, impairing his ability to earn a competency, the verdict is not reasonably compensatory, and for that reason a new trial is granted."

The contention of the defendant is to the effect that the memorandum in this case must be taken as a part of the order, and amounts to a finding that the award of damages was not made under the influence of passion or prejudice. Therefore it was plainly error for the court to order a new trial on the ground of insufficient damages, because in a personal injury case it is only where it appears that excessive or insufficient damages were given under the influence of passion or prejudice that the court is authorized to grant a new trial for the reason that the damages are either excessive or inadequate. The case of Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149, is relied upon in support of the contention. The case cited has been criticised and limited. See Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L. R. A. (N. S.) 439, 111 Am. St. 462, and Ford v. Minneapolis St. Ry. Co., 98 Minn. 96, 107 N. W. 817.

If it be conceded, for the purpose of this appeal only, that in a personal injury case, where the evidence shows that the damages awarded are not reasonably compensatory, the trial court is powerless to correct the injustice by granting a new trial, unless it appears that the verdict was given under the influence of passion and prejudice, we are nevertheless of the opinion that the order granting a new trial in this case must be affirmed; for the order was a discretionary one, unless the

memorandum is to be taken as an essential part of the order. The general rule is that a memorandum of the trial judge is no part of the order or finding to which it is attached, unless expressly made a part thereof; but, whether attached or not, it may be referred to where the order or finding is not explicit in itself for the purpose of interpreting the meaning thereof. The memorandum, however, unless expressly made a part thereof, may not be referred to for the purpose of impeaching the order or finding or overcoming the effect thereof. Johnson v. Johnson, 92 Minn. 167, 99 N. W. 803; Holland v. Great Northern Ry. Co., 93 Minn. 373, 101 N. W. 608; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108.

The order granting the new trial in this case is clear and positive, and its correctness must be determined without reference to the memorandum, which is no part of it. The evidence justifies the order granting a new trial.

Order affirmed.