JOHN A. PINKERTON v. WISCONSIN STEEL COMPANY and Others.[1]

November 12, 1909.

Nos. 16,348—(45).

**New Trial Because of Inadequate Damages.**

An order granting a new trial on the ground that the damages awarded by the jury were inadequate *held* justified by the record.

Action in the district court for St. Louis county against Wiscon-

[1]Reported in 123 N. W. 60.

sin Steel Company, James A. Sinclair and Nels Peterson, for the
benefit of plaintiff's son, to recover $20,000 damages for injuries
to that son. The complaint alleged that the son was seventeen years
of age, inexperienced in the work to which he was assigned, was
not given any directions with reference to his work as a brakeman,
and that the injury was due entirely to the negligence of defendants.
Defendants answered jointly denying their negligence. The case
was tried before Dibell, J., and a jury which returned a verdict for
$2,000 in favor of plaintiff. Plaintiff moved for a new trial upon
the minutes of the court on the ground of inadequacy of the verdict.
From an order granting the motion, defendant Wisconsin Steel Com-
pany appealed. Affirmed.

Howard T. Abbott, for appellant.
Davis & Hollister, for respondent.

BROWN, J.

Plaintiff brought this action on behalf of his minor son for in-
juries sustained by the son while in the employ of defendant steel
company in the capacity of brakeman on one of its mining trains.
The injury sustained was a crushed hand, received while the young
man was engaged in coupling cars, and by reason, as plaintiff al-
leges, of the negligence of defendants. The jury returned a verdict
for plaintiff, assessing his damages at the sum of $2,000, whereupon
plaintiff moved for a new trial on the ground that the verdict "was
entirely inadequate as compensation for the injuries sustained by
plaintiff  *  *  *  and was the result of passion and prejudice on
the part of the jury." No other statutory ground was assigned
as the basis of the motion, and the trial court made a general order
granting the same. Defendant appealed.

1. It is urged by counsel for defendant, and rightfully so under
our present statutes (subdivision 5, § 4198, R. L. 1905) that the
trial court has no power to grant a new trial on the ground of in-
adequate damages, unless it appears that the jury acted under the in-
fluence of passion and prejudice, and that it affirmatively appears
from the order of the court in this case, together with the memo-
randum attached thereto, that the court did not find that condition of

mind on the part of the jury, or in fact make that the basis of its order; hence, that it was unauthorized, and should be reversed.

The case in this particular is controlled by Alton v. Chicago, M. & St. P. Ry. Co., 107 Minn. 457, 120 N. W. 749, where substantially the same situation was presented. In that case the trial court expressly stated, in a memorandum attached to its order granting a new trial, but not made a part thereof, that there was no passion or prejudice on the part of the jury, yet granted the motion based upon that ground. It was held that the memorandum could not be referred to for the purpose of impeaching the formal order of the court. In the case at bar, while the court in its memorandum commended the jury as a fair one, it does not therein state the absence of passion and prejudice, though an inference of that conclusion might legitimately be drawn therefrom. But, in any event, the formal order, being responsive to the one ground laid in the motion for a new trial, cannot be impeached or impaired by the discussion of the case found in the memorandum. Holland v. Great Northern Ry. Co., 93 Minn. 373, 101 N. W. 608; Johnson v. Johnson, 92 Minn. 167, 99 N. W. 803; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108.

2. It is further earnestly contended that the facts as disclosed by the record are not such as to justify the conclusion that the jury acted upon motives of passion or prejudice, and that, therefore, upon the merits, the order granting a new trial was error. This claim is predicated upon the theory that the damages awarded by the jury, $2,000, were substantial, and in no proper view of this branch of the law so out of proportion to adequate compensation for the injury received as to justify the conclusion of passion and prejudice on the part of the jury.

We are in no position to determine with any degree of accuracy the extent of plaintiff's injuries. We are controlled entirely by the record, and by what the evidence tends to prove in that direction. We find evidence strongly tending to show that the young man's right hand was crushed and the usefulness thereof wholly and permanently destroyed. It is clear that, if this evidence represents the true condition of plaintiff's injury, a much larger verdict might well have been returned by the jury. But, if the theory of defendant be the

truth, namely, that there was no permanent injury to plaintiff's hand, that it will gradually improve, and its usefulness be restored, then the verdict was probably fair and reasonable. But the court below had opportunities for determining this particular question not afforded this court, and we must of necessity rely very largely upon its judgment in the premises. In other words, a large discretion is vested in the trial court on questions of this character, which can be interfered with only when abused. We are not prepared to say that it was abused in this instance, and we sustain the order appealed from. Had the court below, with all the facts before it, denied the motion, the order would undoubtedly have been sustained, within the rule of Schmidt v. Chicago, M. & St. P. Ry. Co., 108 Minn. 329, 122 N. W. 9. But from this it does not follow that a reversal should be ordered.

Order affirmed.