## JOSEPH McCOY v. MALCOLM E. GRANT AND ANOTHER.[1]

### November 7, 1919.

### No. 21,373.

**Appeal and error — record incomplete — findings of fact.**

 1. Where the settled case fails to show that it contains all the evidence bearing on the matters presented for review, this court must take it for granted that the evidence justified the findings of fact and did not conclusively establish other facts not found.

**Decision sustained by findings.**

 2. The findings of fact sustain the conclusions of law and no reversible errors appear.

Action in the district court for Hennepin county to recover $320. In his separate answer Malcolm E. Grant set up as a defense the facts stated in the third paragraph of the opinion. The case was tried before Steele, J., who made findings and ordered judgment for $350. From an order denying his alternative motion for amended findings or for a new trial, defendant Malcolm E. Grant appealed. Affirmed.

*Hoke, Krause & Faegre,* for appellant.

*Colfax Grant* and *W. H. Adams,* for respondent.

[1]Reported in 174 N. W. 728.

TAYLOR, C.

Plaintiff, an·architect of the city of Minneapolis, set forth two causes of action in his complaint: The first for services in preparing preliminary sketches or plans for a dwelling house for defendants which were not accepted or used; the second for the value of the use of the plans and specifications under which the building was constructed. The court made findings of fact and conclusions of law to the effect that plaintiff was not entitled to recover upon either cause of action against defendant Helen J. Grant, but was entitled to recover the sum of $50 upon the first cause of action, and the sum of $300 upon the second cause of action against defendant Malcolm E. Grant. Malcolm E. Grant, who hereafter will be designated as defendant, appealed from an order denying his alternative motion for amended findings or for a new trial.

The record contains a settled case, but it does not appear either from the settled case, or from the attached certificate of the trial judge, that it contains all the evidence received at the trial, or all the evidence bearing on the questions, or any of them, sought to be raised on the appeal. Error is not presumed, and, as the record fails to show that it contains all the evidence bearing thereon, this court cannot hold that the findings of fact are unsupported by the evidence, or that the evidence established any facts other than those found. Dunnell, Minn. Dig. §§ 345, 352.

In 1915 defendant employed plaintiff as an architect to devise and prepare plans and specifications for a dwelling house, and to superintend the construction of it. Plaintiff devised and prepared the plans and specifications for the building and superintended its construction, and defendant paid him the sum of $700 in full therefor. Thereafter defendant sold this house and desiring to erect another had plaintiff prepare some preliminary sketches and plans. These were rejected as unsatisfactory, and defendant concluded to use the plans for the first house in building the second. Neither plaintiff nor defendant had the blue prints used in constructing the first house, but plaintiff had the original drawings or tracings from which the blue prints had been made. Defendant procured these tracings from plaintiff and had new blue prints made, which he used in constructing the second house. He insists that, having paid plaintiff for his services in devising and preparing the plans and specifications for his former house, they had become his property, and

he had the absolute right to make any use of them he saw fit without compensating plaintiff therefor. It is probably true that one who employs an architect to devise and prepare plans and specifications for a building and pays him therefor becomes the owner of such plans and specifications, unless the contract provides that they are not to become his property. Gibbon v. Pease, 2 Ann. Cas. 713, and cases cited in note. But the court found as a fact that plaintiff was the owner of the plans in controversy, and that defendant procured them for use in constructing the second house under an agreement to pay plaintiff for them. For the reasons already stated defendant is not in position to attack these findings and they must stand. They establish plaintiff's right to recover on the second cause of action.

The specifications accompanying the plans contained a statement to the effect that all drawings and specifications were the property of plaintiff and were to be returned to him. Defendant insists that this statement was not a part of the contract and was not binding upon or evidence against him, and that the court erred in admitting this provision of the specifications in evidence. Whether this provision was binding upon or evidence against defendant depends upon the facts and circumstances shown by the evidence. As it does not appear that all the evidence is before us, we are not in position to say that the ruling was error. But, if we were to concede that this provision was not evidence against defendant, we must take it for granted that the finding of the court was warranted by other evidence.

Copies of the plans and specifications had been filed with the building inspector as required by the building regulations of the city, in order to obtain a permit for the construction of the first house. Defendant contends that they thereby became public records and that in consequence thereof plaintiff lost all property rights in them. It is not necessary to determine the effect of such filing, for plaintiff and defendant could contract that as between themselves plaintiff should remain the owner of the plans and specifications and defendant should not use them again without paying therefor. And in view of the findings of the court we must take it for granted that plaintiff procured them for the second building under a valid contract to pay for them.

Defendant also contends that the specifications were not used in the

construction of the second house, that there is no evidence of the value of the use of the plans without the specifications, and therefore that the award of $300 on the second cause of action is without support in the evidence. He further contends that the preliminary sketches were made under an agreement that no charge should be made therefor unless they were accepted and used, and as they were rejected that plaintiff is not entitled to recover on the first cause of action. For the reasons already stated these contentions cannot be sustained. We find no reversible errors and the order must be and is affirmed.