# J. T. FLETCHER v. SOUTHERN COLONIZATION COMPANY.[1]

## January 28, 1921.

## No. 21,732.

**Vacating judgment—consent of court to renewal of motion.**

1. After the denial of a motion to vacate a judgment, it may be renewed, though the consent of the court to its renewal is not obtained until the second motion is brought on to be heard.

**Corporation — service of process on foreign corporation — quaere.**

2. As a general rule service of process on an agent of a foreign corporation will not confer jurisdiction, unless the corporation, when served, was transacting business in the state where the action is brought. Whether the rule holds good where the cause of action sued on arose on a contract made in the state where suit is brought, quaere.

**Same — service on secretary of state when resident agent is not found.**

3. Service on the secretary of state is only authorized under section 6206, G. S. 1913, where the corporation has a resident agent to accept service who cannot be found within the county of his residence.

**Same — service when agent has resigned and company has left state.**

4. In an action founded on a contract with a nonresident, which was entered into prior to the appointment of an agent, jurisdiction is not acquired by service on an agent subsequently appointed, where the corporation had theretofore withdrawn from the state and the agent had resigned.

**Same — reason for appointment of agent.**

5. The agency created by the appointment is for the benefit of those who have a right to rely upon its existence in transacting business with the corporation and is not coupled with an interest in favor of one who subsequently deals with the corporation.

**Existence of fact not established by court's memorandum attached to order.**

6. The court's memorandum following an order, but not made part

[1]Reported in 181 N. W. 205.

of it, does not establish the existence of a fact referred to in the memorandum, but not necessarily inferred from the order itself.

Action in the district court for Ramsey county to recover $1,380 for breach of contract in failing to build a certain railroad. The case was tried before Dickson, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Judgment on the findings was entered. From an order granting defendant's motion to set aside the judgment and denying plaintiff's motion for leave to reargue that motion, plaintiff appealed. Affirmed.

*C. B. Smith,* for appellant.

*Rockwood & Mitchell* and *E. T. Young,* for respondent.

LEES, C.

This is an appeal from an order vacating a default judgment against the defendant, entered in February, 1919.

The complaint alleged that defendant is a Florida corporation; that, prior to September 16, 1911, it had induced plaintiff to purchase 60 acres of land in Florida by representing that it was building a railroad connecting with the Florida East Coast line and running through the land it was offering for sale; that it inserted a clause in the contract of sale guaranteeing the completion of the railroad ready for operation on or before December 31, 1912; that plaintiff paid $1,500 for the land; that defendant failed to complete the railroad within the time specified, and in June, 1916, abandoned the work of construction, to plaintiff's damage in the sum of $1,380. The judgment was for that amount with interest.

The action was commenced in December, 1918. Service of the summons was attempted to be made in the following manner: A copy of the summons was delivered to the secretary of state, another to F. B. Lynch, who had been president of the defendant, and another to Arthur Christofferson. In April, 1919, the defendant appeared specially and moved that the service of the summons be set aside and the judgment vacated, and, if denied that relief, then that the judgment be set aside with permission to defendant to answer. This motion was denied. In September, 1919, defendant having in the meantime employed different attor-

neys, a second motion of a similar nature was made. This motion was granted on the ground that there had been no service of the summons and that the court did not have jurisdiction over the defendant when the judgment was entered.

It appeared from the affidavits on which the motion was based that plaintiff is not a resident or citizen of this state. There are conflicting statements in the affidavits presented at the hearing with respect to the place where the contract for the purchase of the land was made and was to be performed. The order granting the motion does not contain a finding as to the truth of the matter in dispute. In a memorandum following the order, but not made part of it, the statement is found that the contract was made and the money paid to and received by defendant in this state. Defendant maintained an office in St. Paul until August, 1918. Its officers until that time resided in this state. In December, 1915, it appointed Christofferson, a resident of Ramsey county, as its agent within this state upon whom process might be served. The appointment was filed with the secretary of state in January, 1916. Prior thereto it had not appointed such an agent. In August, 1918, it removed its offices from St. Paul to Jacksonville, Florida, and Christofferson and all its officers resigned. New officers were elected, all of whom reside in Florida. At the same time it filed with the secretary of state a notice that it had withdrawn from this state and would transact no more business therein and that Christofferson had resigned as its resident agent. Since August, 1918, it has done no business in this state.

1. Plaintiff contends that the court erred in entertaining the second motion to vacate after the first had been denied and no appeal taken. The point urged is that permission to present the motion a second time should have been obtained in advance. The order granting the motion recites that, when the motion was brought on for hearing, defendant asked leave to renew it notwithstanding its previous determination, and that thereupon it was ruled that the motion might be reargued and the questions raised thereby again presented to the court. We think it was within the discretion of the court to grant leave to defendant thus to renew its motion.

2. The attempted service of the summons on the secretary of state was

of no effect. By chapter 49, p. 59, Laws 1917, a proviso was added to section 6206, G. S. 1913, authorizing such service when the agent cannot be found in the county of his residence. There is no authority for such service where the agent can be found and served with the summons, as was the case here. Equally ineffective was the attempted service on Lynch, for the reason that he was no longer an officer of the defendant.

3. Defendant's principal contention was that the court acquired no jurisdiction because defendant was not engaged in the transaction of business in this state when the summons was served. Counsel correctly argue that the service of process on a foreign corporation will not confer jurisdiction, unless such service constitutes due process of law within the meaning of the Fourteenth Amendment to the Federal Constitution, and that whether it does or does not is a Federal question; also, that the corporation must be transacting business in the state when service is made, of such a nature that it is for the time being within the state, unless the service is upon an agent designated to accept it for the corporation. W. J. Armstrong Co. v. New York C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L.R.A. 1916E, 232, Ann. Cas. 1916E, 335; Atkinson v. U. S. Op. Co. 129 Minn. 232, 152 N. W. 410, L.R.A. 1916E, 241; Chipman v. Thos. B. Jeffrey Co. 251 U. S. 373, 40 Sup. Ct. 172, 64 L. ed. 373. There is doubt as to the application of the rule where the cause of action arose on a contract made in the state where suit was brought and especially so where plaintiff is a citizen of such state. In the Atkinson case the representations which gave rise to the cause of action were made in this state in connection with the sale of defendant's stock. Quoting from Strom v. Montana Cent. Ry. Co. 81 Minn. 346, 350, 84 N. W. 46, it was said that

"If a foreign corporation comes within this state, and enters into contracts or does acts whereby a cause of action accrues to another, it ought to answer therefor in our courts, upon summons being served on any of its officers who may be found in the state."

In the Armstrong case, it was said [page 111] that

"A foreign corporation * * * maintaining agents in this state for procuring business for its benefit and profit should answer in this

forum to a citizen of this state for a breach of contract or duty arising out of business so procured."

In the Chipman case, the action was brought in New York and it affirmatively appeared that the contract was made in Wisconsin.

In Magoffin v. Mutual R. F. L. Assn. 87 Minn. 260, 91 N. W. 1115, 94 Am. St. 699, a foreign insurance company had stipulated that process might be served on the insurance commissioner. Its authority to transact business in this state was subsequently revoked. The court said:

"Whether the stipulation is a power coupled with an interest * * * it is unnecessary to inquire, for it is certainly an agreement relating to the remedy which policyholders might have for the enforcement of any liability of the company growing out of its policies issued while the stipulation is in force. The stipulation * * * was an agreement exacted by the state for the benefit of its citizens, as a condition precedent to the right of the company to do business in the state. It entered into and became a part of every policy which the company issued in the state while it was in force, and the insured acquired an interest therein to the same extent as if it were written into each policy, for the parties are deemed to have contracted with reference to the statute. * * * The stipulation * * * was irrevocable * * * as to any liability of the defendant growing out of its policies issued while the stipulation * * * was in force."

These principles were reiterated in Braunstein v. Fraternal Union of America, 133 Minn. 8, 157 N. W. 721. The general rule is that a power of attorney, or agency, may be revoked, unless it is coupled with an interest, or given for a valuable consideration, or for security. Buffalo Land & Exp. Co. v. Strong, 91 Minn. 84, 97 N. W. 575; Citizens State Bank of Hamilton v. E. A. Tessman & Co. 121 Minn. 34, 140 N. W. 178, 45 L.R.A.(N.S.) 606.

In Woodward v. Mutual Reserve Life Ins. Co. 84 App. Div. 324, 82 N. Y. Supp. 908, it was held that the revocation of the appointment of the insurance commissioner to accept service of process against a foreign insurance company did not injuriously affect the rights of policyholders whose policies had not been issued in contemplation of the existence of the power of attorney to the commissioner. The reason as-

signed was that they had not parted with anything or acquired any valuable interest on the faith of the existence or continuance of the power. The decision of the appellate division was affirmed by the court of appeals. 178 N. Y. 485, 71 N. E. 10, 102 Am. St. 519.

In Mutual Reserve Fund Life Assn. v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. ed. 987, in speaking of a statute similar to our own, the court said that it indicated the purpose of the state that foreign corporations engaging in business within its limits shall submit the controversies growing out of that business to its courts, and that it would thwart this purpose if, having made a multitude of contracts with its citizens, it might withdraw from the state and compel them to seek the courts of another state to enforce their claims.

In Hunter v. Mutual Reserve Life Ins. Co. 184 N. Y. 136, 76 N. E. 1072, 30 L.R.A.(N.S.) 677, 6 Ann. Cas. 291, in speaking of a similar statute, the court said that it is to be regarded "as primarily designed for the protection of the citizens of the state enacting the legislation and who might acquire rights under contracts executed with them or for their benefit while they were such citizens." It also said that it was not the "policy of such legislation to create and perpetuate a local forum to which * * * nonresidents * * * might flock for the purpose of instituting litigation upon contracts issued to them at their homes, against a corporation there readily subject to service and which long before had attempted in good faith to withdraw from the jurisdiction thus hunted out." The case was carried to the Supreme Court of the United States and the decision affirmed. 218 U. S. 573, 31 Sup. Ct. 127, 54 L. ed. 1155, 30 L.R.A.(N.S.) 686. In the course of the opinion it was said:

The "defendant * * * withdrew from the state, and revoked the power which it had given to the insurance commissioner to accept service for it. Revoked it as far as it could do so. It could not revoke it as to any 'interest or right founded or created upon faith thereof' and which 'required its perpetuation and continuance.'"

In the case at bar, plaintiff is not a resident or citizen of this state. The contract upon which his action is founded was made and plaintiff parted with his money in 1911. Christofferson's appointment was filed

in 1916. Plaintiff's cause of action accrued at the end of the year 1912. He might then have sued and made service of process upon defendant's officers, who, up to August, 1918, were engaged in transacting its business in this state. After Christofferson's appointment, plaintiff, at his option, might have made service upon him or upon defendant's officers. The appointment merely gave him an additional opportunity to subject defendant to the jurisdiction of the courts of this state. If it had been made before the contract was executed, a different question would be presented. It might well be contended that the appointment became a part of the contract and that plaintiff was vested with an interest in the agency created so that it could not thereafter be terminated at the will of the defendant. The statute does not provide that an appointment, when made, shall have a retroactive effect. There is no reason for holding that it should have such effect for the benefit of a nonresident who entered into a contract with the corporation at a time when it had not been admitted to this state.

But it is contended that the contract was made in Minnesota, and therefore plaintiff may claim the same benefits under the statute as though he were a citizen of this state, and that as to our own citizens the appointment should be regarded as having been made when the corporation began to do business in this state. Kulberg v. Fraternal Union of America, 131 Minn. 131, 154 N. W. 748. We express no opinion as to the merits of this contention. It is unnecessary to do so because the decision is not based upon its determination. Furthermore, the record does not show affirmatively that the contract was in fact made in this state. The affidavits are squarely in conflict on this point. The order makes no reference to the point. True, the court's memorandum states that the contract was made here. But we are not at liberty to treat a statement in the memorandum, not made part of an order, as the equivalent of a specific finding of fact. Holland v. Great Northern Ry. Co. 93 Minn. 373, 101 N. W. 608; Minneapolis Gaslight Co. v. City of Minneapolis, 123 Minn. 231, 143 N. W. 728.

Upon the facts appearing from the record, we reach the conclusion that defendant's withdrawal from the state and Christofferson's resignation put it beyond the power of the plaintiff thereafter to subject defend-

ant to the jurisdiction of the court by the service of a summons on Christofferson.

It follows that the order appealed from must be and it hereby is affirmed.