TOBIAS RIEBEL v. ALFRED W. MUELLER AND ANOTHER.[1]

June 14, 1929.

No. 27,440.

*Mueller & Erickson,* for appellants.
*Pfaender & Glotzbach,* for respondent.

TAYLOR, C.

In June, 1919, plaintiff and Edmund Macho agreed to purchase and operate a farm as partners, each to pay one-half of the purchase price of the farm and one-half of all expenditures for stock,

[1]Reported in 225 N. W. 924.

machinery and improvements. They purchased the farm for the sum of $17,000 payable in instalments. Plaintiff paid $4,000 of the first instalment by conveying a house and lot to the vendor, and Macho agreed to pay plaintiff $2,000 as his half of such payment. In September, 1919, Macho sold and conveyed his interest in the venture to defendant Alfred W. Mueller. Thereafter plaintiff and Mueller, by agreement between themselves, carried on the project as partners.

In 1928 plaintiff brought this action against Mueller for a dissolution of the partnership and also named Mueller's wife as a defendant. On February 25, 1929, judgment was entered dissolving the partnership and directing that the partnership property be sold and that the proceeds be applied and distributed as therein provided. The $2,000 above mentioned had not been repaid to plaintiff and was awarded to him by the judgment together with interest thereon in the sum of $1,145. Defendants appealed, and the sole question presented on the appeal is whether plaintiff is entitled to interest on the $2,000 advanced by him.

Although there are decisions to the contrary, it is the general rule that a partner is not entitled to interest on money advanced in carrying out the partnership purposes unless there is an agreement or an established usage to that effect. 20 R. C. L. 1021; 30 Cyc. 443; Ann. Cas. 1913A, 173, note. This rule has been approved and adopted by this court. Child v. Mastin, 164 Minn. 217, 204 N. W. 947; Swanson v. Lindstrom, 151 Minn. 19, 185 N. W. 950; Ames v. Ames, 113 Minn. 137, 129 N. W. 156; St. Paul Trust Co. v. Finch, 52 Minn. 342, 54 N. W. 190. Defendants rely upon this rule.

The court, after finding that plaintiff had made the payment of $4,000 on the purchase price, further found:

"It was then and there agreed between said plaintiff and said Macho that in order to equalize the investment between them, said Macho should then pay to plaintiff, Tobias Riebel, the sum of Two Thousand ($2,000), or if not so repaid, then the said plaintiff should be entitled to repayment from the partnership property or should have to the extent of such excess investment with interest a claim

against said partnership and a greater interest in the partnership property by reason thereof."

In a memorandum attached to the order denying defendants' motion for amended findings, but not made a part thereof, the court said that it may be conceded that there is no evidence of an express agreement to pay interest, but that such an agreement is not essential as plaintiff is entitled to interest by way of damages. The claim that this statement has the force and effect of a finding that there was no evidence of an agreement to pay interest cannot be sustained. A memorandum of the trial judge may be referred to for the purpose of explaining his decision; but, unless expressly made a part of the findings, it cannot be given the effect of contradicting, impeaching, or changing the findings actually made. Holland v. G. N. Ry. Co. 93 Minn. 373, 101 N. W. 608; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108; Alton v. C. M. & St. P. Ry. Co. 107 Minn. 457, 120 N. W. 749; Gay v. Kelley, 109 Minn. 101, 123 N. W. 295, 26 L.R.A.(N.S.) 742; Minneapolis Gaslight Co. v. City of Minneapolis, 123 Minn. 231, 242, 143 N. W. 728; Fletcher v. Southern Colonization Co. 148 Minn. 143, 149, 181 N. W. 205.

Defendants assert that the finding to the effect that there was an agreement that plaintiff should be allowed interest on the $2,000 is not sustained by the evidence. Whether plaintiff could maintain a claim for this advancement, and whether it had been repaid in whole or in part, were issues at the trial. The trial was held on September 10 and 11, 1928, and November 10, 1928. On November 10, defendants admitted that plaintiff was entitled to recover the $2,000. The settled case contains only the proceedings which took place on November 10. It does not purport to contain any of the evidence presented or any of the proceedings had at the trial in September. There is no statement in the case as settled nor in the order settling and allowing it that it contains all the evidence relating to the agreement in respect to interest. The question whether a specified finding is sustained by the evidence cannot be raised or considered in this court unless the record shows affirma-

tively that it contains all the evidence bearing upon that issue. Dickerman v. Ashton, 21 Minn. 538; Brackett v. Cunningham, 44 Minn. 498, 47 N. W. 157; Board of Trustees v. Brown, 66 Minn. 179, 68 N. W. 837; McCoy v. Grant, 144 Minn. 92, 174 N. W. 728. Numerous other cases are cited in 1 Dunnell, Minn. Dig. (2 ed.) §§ 343, 345, 352. In the absence of such a showing it will be assumed that there was sufficient other evidence to sustain the finding.

Plaintiff in his complaint asked for interest on the $2,000 which he had advanced but did not allege an agreement to pay interest thereon. No claim that the complaint is not sufficient to sustain a finding and judgment for interest can be raised on this record, as it contains only a small portion of the evidence. In the absence of a record showing the contrary, it is presumed that sufficient evidence to justify the findings was properly received, and if the findings cover issues not within the pleadings it is presumed that such issues were litigated by consent. Peach v. Reed, 87 Minn. 375, 92 N. W. 229, and citations; State ex rel. Yapp v. Chase, 165 Minn. 268, 206 N. W. 396, and citations; 1 Dunnell, Minn. Dig. (2 ed.) § 372, and citations.

Judgment affirmed.