PIETER VAN VEEN, Plaintiff, *v.* FRANKLIN KNITTING MILLS, INC., Defendant.

Supreme Court, New York County, October 31, 1932.

*Raymond R. McGee,* for the plaintiff.

*Lhowe & Obstfeld* [*Harold Korzenik* of counsel], for the defendant.

CHURCHILL, J. Plaintiff, whom I find to be a painter of rare talent, produced a picture which as a chattel he transferred to the Queen of Belgium. Before the transfer, while plaintiff still owned the common-law copyright, plaintiff gave to an art magazine the right to publish a reproduction and distribute it to the public, which it did. That right I find was given in such a form that the magazine had no power to license any reproduction of the reproduction. That finding, of course, binds only the parties here. Whether the reproduction in the magazine was copyrighted under the Federal statute▌is immaterial here. The violation of a Federal copyright is not justifiable in this forum. The defendant then without plaintiff's permission reproduced the reproduction in a

crude way, which in no manner indicated either the beauty of the original or the beauty of the reproduction in the magazine. The permission of the magazine to publish is immaterial, for, as stated above, the magazine, as far as the parties here are involved, had no power to give that permission. The question here is not whether the defendant could reproduce the original picture, but whether it could reproduce the reproduction in the magazine. As the Federal copyright is not involved here we must treat the case as if no such copyright existed. An answer to the following question would seem to be a solution to the problem: When an owner of a common-law copyright publishes his work in a magazine without copyrighting it under the Federal statute, can he by an agreement with the publisher which is unknown to the public prevent the public from reproducing the form of the work which is so published? The question is answered in the negative. I direct a verdict for the defendant with exception to plaintiff. Twenty days' stay of execution. Thirty days to make a case.