Bernard S. Meyer, J.
In this non jury trial, plaintiff withdrew his second cause of action and defendants at the end of plaintiff’s case move for judgment. Motion granted. Plaintiff is an architect. He prepared plans for a three-bedroom house for defendant Leonard Little for which he was paid. He complains that the plans were turned over by Leonard to Robert Little who erected four houses (defendants say three) therefrom in addition to the house which Leonard Little built, and claims to be entitled to additional compensation for such use.
Plaintiff’s claim is foreclosed by Wright v. Eisle (86 App. Div. 356) in which the Second Department upheld dismissal of plaintiff’s complaint in just such a case as this on the ground that the filing of an architect’s plans with the building department .constitutes a publication terminating such common-law copyright as he may have had, and that the property in the plans was in any event in the client for whom they were prepared rather than the architect. (See, also, Hill v. Sheffield, 117 N. Y. S. 99; 6 C. J. S., Architects, § 10.)
In the absence of a contrary agreement, the client, not the architect is the owner of plans. McCoy v. Grant (144 Minn. 92, 94), cited by plaintiff, is not to the contrary, for it recognized that “ one who employs an architect to devise and prepare plans and specifications for a building and pays him therefor becomes the owner of such plans and specifications, unless the *463 contract provides that they are not to become his property.” The court in that case found that property in the plans had been specifically reserved by the architect. That is not so here. Plaintiff urges that he reserved property in the plans because he did not turn over to defendant Leonard Little the tracings, but delivered only blueprints. He says that he told Little that he would not turn the tracings over to him because his architect’s seal was on the tracings and that Little did not advise him that he intended to build more than one house, but this is not sufficient to spell out a contract arrangement reversing the usual rule. Nothing short of an express understanding or conduct from which such an understanding must necessarily be implied will suffice.
There is a further reason for dismissal. Plaintiff testified that the filing of his plans with the building department in connection with the building of the first house by Leonard Little was authorized. He then shows that Robert Little built the other four houses, yet he shows no connection between Leonard and Robert, nor has he shown how Robert obtained the plans. Under Wright v. Eisle (supra), with the filing of the plans they were in public domain. On plaintiff’s evidence, therefore, he has not made a prima facie case.
Submit judgment.