Mabio Pittont, J.
Motion and cross motion for summary judgment. The plaintiff is an architect. He prepared a rendering — an illustration in light and shade presenting a picture of a finished basement — for the Galaxy Construction Corp. in January, 1958. This rendering was allegedly sold to Galaxy for the exclusive use of Galaxy and with the exclusive right in Galaxy to reproduce the rendering, but with the express reservation of all property rights in the plaintiff. Thereafter, Galaxy and the Gold Medal Lumber Corp., to which permission was given, used the rendering in several advertisements in the Newsday, a newspaper published in Nassau County. A few months after this publication in the Netvsday, the defendants Charles Kotler and Richard L. Rhodes, doing business as the Plainview Builders, caused an advertisement to be published in the newspaper published by the defendant Long Island Press Publishing Company, Inc., which featured the rendering allegedly prepared by the plaintiff. The defendants used the rendering with the plaintiff’s name shown thereon (as it was shown in the advertisements of Galaxy) on November 23, 1958 and November 30, 1958, and without plaintiff’s name in advertisements published on December 7, 1958 and February 1, 1959.
The plaintiff prays for (1) an accounting by Kotler and Rhodes of money and profits derived from the use of the rendering, and (2) for compensatory and exemplary damages from all the defendants. Two of the causes of action are for wrongful appropriation and use of the rendering, and two are for damages, pursuant to section 51 of the Civil Rights Law, for the unauthorized use of the plaintiff’s name.
Although an issue of fact exists as to whether or not there was any reservation by the plaintiff of a property right in the rendering after the sale to Galaxy, there is one defense which warrants a judgment in behalf of the defendants dismissing the complaint.
*949 The rendering was not copyrighted. It was published in the Newsday, a paper of wide circulation, on at least three occasions prior to the use by the defendants. In each of the Newsday publications the plaintiff’s name appeared thereon as it had been placed on the original drawing. With those publications in Newsday any common-law right of action by the plaintiff was lost. (Jewelers’ Mercantile Agency v. Jewelers’ Weekly Pub. Co., 155 N. Y. 241, 254.) The use of the plaintiff’s name or one or two reproductions of plaintiff’s illustration would not violate sections 50 or 51 of the Civil Rights Law (Jaccard v. Macy & Co., 265 App. Div. 15).
In the Jaccard case (supra) a dress had been designed by the plaintiff. The defendant therein copied the design and used the plaintiff’s name in connection therewith. As stated by the court (p. 16) “the dress involved herein had been placed in the public domain without the protection of copyright. Accordingly, in the absence of unfair competition, defendant had the right to copy the dress,- or to sell patterns thereof, and in doing so could truthfully state that the dress was designed by the individual plaintiff. (Ellis v. Hurst, 70 Misc. 122, affd. 145 App. Div. 918.) Under the circumstances the use of the individual plaintiff’s name as the designer of the dress, in connection with the magazine article advertising a pattern thereof, would not afford her any right to damages under sections 50 and 51 of the Civil Rights Law (Cons. Laws, ch. 6), even if her true name, rather than an assumed business name, had been used.” (Emphasis supplied.) (See, also, Van Veen v. Franklin Knitting Mills, 145 Misc. 451; Wright v. Eisle, 86 App. Div. 356; Tumey v. Little, 18 Misc 2d 462.)
Accordingly, the motion by the plaintiff is denied, and summary judgment in favor of the defendants, dismissing the complaint is granted.