## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Kenneth P. Weimer

v.

Walter Lambert

June 12, 1973

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the demurrer herein and dismissing this suit.

This is essentially an action to determine the ownership of certain documents prepared by the defendant engineer pursuant to his employment by the plaintiff architect in connection with the design, planning, and construction of a high school in West Virginia. During the oral argument of this demurrer, the plaintiff abandoned his request, stated in the prayer of the bill, to have this Court enjoin the collection of the judgment in the law action between the parties, so that is not an issue here.

Viewing the allegations of the bill as they must be upon demurrer, the plaintiff alleges that pursuant to the employment aforesaid, the defendant prepared and made certain mechanical and electrical tracings, specifications and design calculations subsequent to March 22, 1968, the date of their contract; that on or about February 6, 1969, $6,000 "for work on" these documents was paid by the plaintiff to the defendant; that thereafter a controversy developed between the parties as to the percentage of work performed under the said employment agreement which controversy "was resolved" in the law action aforesaid with the finding that the defendant "has completed eighty percent of the construction document phase of the agreement" and by the entry of judgment against this plaintiff "for

payment of balance due defendant for the aforesaid construction documents."

The plaintiff further alleges that he is willing to pay the judgment if the defendant agrees to deliver the documents to him by joining in a consent order to have the documents (now court exhibits in the law case) released to the plaintiff. The plaintiff states that he is the "owner of and has acquired a property interest in" said documents upon the ground that pursuant to his employment of the defendant, he has "partially paid" defendant therefor and has had a judgment rendered against him for the balance due which he is ready, willing, and able to pay.

The plaintiff asks that an order be entered requiring the documents to be delivered to the plaintiff and he asks for damages and attorney's fees.

As the plaintiff argues, equity has concurrent jurisdiction with the law side of the court to decree the delivery of specific documents when they are wrongfully withheld, even though the common law remedy of detinue may be available. *Kelly* v. *Lettigh*, 98 Va. 405, 406 (1900), which refers to § 2908, Code of 1887. See also 1 Pomeroy's, Equity Jurisprudence (4th Ed.) pp. 243, 250, 251.

The issue then is whether the documents in question are being wrongfully withheld by the defendant. More specifically, the crux of the problem deals with the present ownership of the disputed items. The defendant argues that the plaintiff has no cause of action at this time and that he has no valid claim of ownership in the documents until he has fully paid the judgment in the law action. The plaintiff states in paragraph 4 of his bill the conclusion of law that "he is owner and has acquired a property interest in" the documents. This conclusion is contrary to the allegations of fact in the bill and the correctness of such conclusions of law is not admitted by the demurrer. *Ames* v. *American National Bank*, 163 Va. 1, 38 (1934). The plaintiff clearly sets out in his bill that he has made only partial payment for the documents since he has not paid the judgment rendered in the law action.

Applying to the employer architect-employee engineer relationship the same law which governs the employer owner-employee architect relation, as the plaintiff urges (and assuming the work product items here in question

are to be treated the same as completed plans), the rule is that one who employs an engineer to prepare plans and specifications for a project *and pays him therefor* becomes the owner of the plans, absent a contrary agreement. 5 Am. Jur. 2d *Architects*, § 11, p. 673. See 6 C.J.S., *Architects*, § 10, p. 303.

Full payment under the contract seems to be a condition precedent to a valid claim of ownership. In each case relied upon by the plaintiff holding the ownership to be in the employer, the employee preparer of the plans, drawings, etc., appears to have been fully paid for his work. See *Beech Creek Coal Co.* v. *Jones* 262 S.W.2d 174 at 175 (Ky. App. 1953); *McCoy* v. *Grant* 174 N.W. 728 at 728 (Minn. 1919); *Tumey* v. *Little*, 186 N.Y.S.2d 94 at 95 (1959); *Grant* v. *Kellogg Co.* 58 F. Supp. 48 at 54 (S.D. N.Y. 1944). The court was not able to locate the *Sullivan* case mentioned on page 7 of the plaintiff's memorandum, with the citation furnished, but the portion quoted in the brief shows that the chemist was paid for his work. *J. J. Henry Co.* v. *United States*, 411 F.2d 1246 (Ct. Cl. 1969), is not on point as it deals with specific contract provisions relating to ownership, which factor is not here involved.

In this suit, the plaintiff does not allege full payment, only partial payment. The plaintiff does not allege any agreement between the parties which entitled him to receive piecemeal the documents in question as partial payments are made to the defendant. The court has not been referred to any authority, nor has any been found, supporting a right to any or all of the disputed documents upon partial payment being made or upon partial payment plus an unsatisfied judgment for the balance due. See Werbin, *Law for Contractors, Architects and Engineers* (1961) p. 1. No theory of equitable ownership has been advanced or seems applicable.

Under these circumstances, the plaintiff's suit is premature since no cause of action has accrued because the plaintiff has not qualified as the owner of the documents in issue in that full payment has not been made therefor. The plaintiff has no cause of action to force delivery of the documents by virtue of a mere partial payment.

In view of what has been said above, the court does not reach for decision the issue of *res adjudicata* raised by the defendant.