(86 App. Div. 356.)

## WRIGHT v. EISLE.

(Supreme Court, Appellate Division, Second Department.  July 24, 1903.)

1. ARCHITECT'S PLANS—PROPERTY RIGHTS—PUBLICATION.
  Where an architect prepared plans and specifications for a client, for which he was paid a certain fee, and filed such plans and specifications with the building department of the city in which the residence was constructed, he thereby published the same, and had no further property

¶ 1. See Literary Property, vol. 33, Cent. Dig. § 4.

rights in them sufficient to entitle him to recover for the subsequent use thereof in the construction of another building by a third person.

**2. SAME.**

Where an architect prepared plans and specifications for a building for a client for a certain compensation, such plans, if valuable as property after their publication, belonged to the client, and not to the architect.

Appeal from Trial Term, Westchester County.

Action by Frank M. Wright against Frederick Eisle. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Milo J. White, for appellant.

Odell D. Tompkins (George C. Appell, on the brief), for respondent.

WOODWARD, J. The plaintiff is an architect. In the early part of 1900 he prepared plans and specifications for a residence for one William T. Litson, and these plans and specifications were duly filed with the building department of the city of Mt. Vernon. The residence was constructed, and appears to have pleased the fancy of the defendant, who went to the plaintiff and asked him how much it would cost for a duplicate of these plans and specifications, and upon the plaintiff naming a figure the defendant told him he could get the same work for less money. The negotiation ended here. Subsequently the defendant procured the services of one Rentz, and, under plans and specifications furnished by the latter, a building conforming substantially to that of the Litson residence was constructed. The plaintiff brings this action to recover the value of the plans, alleging and claiming that the plans furnished by Rentz were copies of the plans and specifications filed with the building department by the plaintiff; the theory being that the latter has a common-law right of property in the plans. Upon the close of the testimony, upon motion of defendant's attorney the learned court dismissed the complaint upon the grounds that the plaintiff had failed to establish a cause of action, and that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff appeals to this court.

The plaintiff cites a single authority—that of Palmer v. De Witt, 47 N. Y. 532, 7 Am. Rep. 480, which it is claimed is a fitting authority establishing plaintiff's right to recover in the action. The rule laid down in that case, and which is well supported by authorities, is that:

"Every new and innocent product of mental labor which has been embodied in writing, or some other material form, being the exclusive property of its author, the law securing it to him as such, and restraining every other person from infringing his right, whether the 'ideas thus unpublished take the shape of written manuscripts of literary, dramatic, or musical compositions, or whether they are the designs for works of ornament or utility planned by the mind of an artist, they are equally inviolable while they remain unpublished; and the author possesses an absolute right to publish them, or not, as he thinks fit, and, if he does not desire to publish them, to hinder their publication, either in whole or in part, by any one else.'"

There is probably no doubt that, so long as the plans for the Litson house remained in the possession of the plaintiff, they constituted

personal property, and no one had a right to take them from him, or to make use of them without his consent. But he testifies that he filed these plans and specifications with the building department as a preliminary to securing the consent of that department for the construction of the building, and that, this consent having been given, he superintended the construction of the house under these plans, receiving therefor something over $500. The law protects him in the first publication of his work; it guaranties him the right to receive compensation for his labor; and when this has been accomplished the purpose of the rule of law has been served, and at common law he can have no further rights in the work. This is clearly in, the case relied upon by the appellant, for it says (page 536, 47 N. Y., 7 Am. Rep. 480):

"The author of a literary work or composition has, by law, a right to the first publication of it. He has a right to determine whether it shall be published at all, and, if published, when, where, by whom, and in what form. This exclusive right is confined to the first publication. When once published, it is dedicated to the public, and the author has not, at common-law, any exclusive right to multiply copies of it, or to control the subsequent issues of copies by others."

See Callaghan v. Myers, 128 U. S. 617, 657, 9 Sup. Ct. 177, 32 L. Ed. 547; Jewelers' Mer. Agency v. Jewelers' Pub. Co., 155 N. Y. 241, 251, 49 N. E. 872, 41 L. R. A. 846, 63 Am. St. Rep. 666. The general rule is laid down by Coppinger that to expose for sale is to constitute publication. It is not necessary that the book or other work be actually sold. It is sufficient if it is offered to the public. The act of publication is the act of the author (Jewelers' Mer. Agency v. Jewelers' Pub. Co., 155 N. Y. 251, 49 N. E. 872, 41 L. R. A. 846, 63 Am. St. Rep. 666); and, when the latter has permitted the work to be filed in a public office as a step in furnishing the basis on which he is to receive compensation from his work, we are of opinion that, under the authorities cited above, the plaintiff has published his work to the world, and can have no exclusive right in the design, or in its reproduction. This would seem to be specially true where the plans and specifications have been used in the construction of a building, and the building has been exposed to the gaze of the public, and has afforded the plaintiff the full value of his services. There is no evidence in this case that the defendant, or any one acting in his behalf, has copied the plans and specifications on file in the building department. The plaintiff testifies that they were filed there, and, so far as he knows, have remained there since the date of the original filing, and the building inspector, called by the plaintiff, testifies that the plans and specifications have not been copied by any one while they were in his office; and the nearest approach to evidence is the declaration of the plaintiff that he has the evidence of his own senses that the plans were copied from his plans. It seems to us that all of the property rights in these plans, if they had any value as property after the publication, belonged to Litson, rather than to the plaintiff in this action, and that under the evidence there was a complete failure to establish a cause of action.

The judgment appealed from should be affirmed, with costs. All concur.