■ IDA RAPKIN, Respondent, v. ISAAC GLUCKMAN, Appellant.— Judgment reversed and a new trial orderd on the issue of damages only, on the law and the facts, with $50 costs and disbursements to plaintiff-respondent. In this action for personal injuries the only serious issue was that of damage. Plaintiff claimed that as a result of the trauma of the accident she suffered seizures, recurring with some regularity up to the time of the trial. Concededly plaintiff had suffered from similar seizures for a long period before the accident, but claimed to have been completely relieved of this condition by an operation for a brain tumor. We find this contention difficult to credit. Plaintiff's history before the accident and subsequent to the operation, including the unusual number of traumatic incidents, the very casual treatment given her after the accident by the physicians who were acquainted with her condition, and the extent of her activities since, cast grave doubt on both the cause of her present condition and its seriousness. We do not pretend to the medical competence which would enable us to make any critical review of the jury's assessment, but we believe that the interests of justice require that this question be again explored, under conditions that will reasonably be expected to bring about a more scientific result. To accomplish this, we direct that the matter be submitted to the Medical Panel. We also find that the record is in the unsatisfactory condition that it is due to the fault of the defendant, and that this cavalier attitude of the defense, exemplified by its failure either to apply for the examination herein directed or to bring competent medical testimony of its own, is the basis of its present quandary. For this reason we assess the costs of the first trial and of this appeal against him. Concur — Botein, P. J., McNally, Stevens and Steuer, JJ.; Capozzoli, J., dissents in the following memorandum: I dissent and vote to affirm. There was a complete failure on the part of the defendant to adduce any proof whatever to controvert the testimony of the three highly qualified medical experts who testified for the plaintiff. Their testimony was unshaken despite vigorous cross-examination. While I agree with the majority that this is a proper matter for submission to the Medical Panel, an application for such procedure should have been made in advance of trial. There is no justification in the present record for ordering such submission after trial and a jury verdict in favor of plaintiff. Under the circumstances, I would not disturb such verdict. Settle order on notice.