GERALD J. SHAW, Appellant, *v.* WILLIAMSVILLE MANOR, INC., Respondent.

Fourth Department, April 13, 1972.

*Basil Tzetzo* and *Dimitri J. Tzetzo* for appellant.

*Oscar Smukler* (*Diebold & Millonzi,* by *F. James Kane, Jr.,* of counsel), for respondent.

HENRY, J. Plaintiff, an architect, appeals from a Special Term order and judgment dismissing his complaint in an action to recover damages from defendant because of its unauthorized use of building plans in violation of his common-law copyright therein. In dismissing plaintiff's complaint Special Term held that the filing of the plans with a Village Clerk constituted a publication thereof, resulting in the loss of his common-law copyright. In 1964 plaintiff prepared plans and specifications for construction of an apartment building pursuant to a contract whereby he retained all property rights in them. A copy of the plans and specifications was filed by the then property owner in the office of the Village Clerk as required by village ordinance, and construction of the building was commenced. The following year when the building was over 60% completed the owner defaulted in its mortgage payments and the premises were acquired by the mortgagee in a foreclosure action. Defendant purchased the property in 1966 and completed the building without the services of an architect. Claiming that defendant used his plans and specifications without his consent, plaintiff brought this action for the reasonable value of his work, labor and services.

An architect has a common-law copyright in plans prepared by him and may maintain an action against anyone using them without his consent until by publication they become the property of the general public (5 Am. Jur. 2d, Architects, § 10; 18 Am. Jur. 2d, Copyright and Literary Property, § 9). "It is a fundamental rule that to constitute publication there must be such a dissemination * * * among the public, as to justify the belief that it took place with the intention of rendering such work common property" (*American Tobacco Co.* v. *Werckmeister,* 207 U. S. 284, 299–300). A limited publication made under restrictions limiting the use of the subject matter to some definite purpose does not result in surrender of any right inconsistent with such limited purpose. (*Board of Trade* v. *Christie Grain & Stock Co.,* 198 U. S. 236, 250, 251; 18 C. J. S. Copyright and Literary Property, § 13, subd. a, par. [2].) The burden of proving that there has been a dedication to the public by pub-

lication is on the defendant (*Daly* v. *Walrath,* 40 App. Div. 220, 222; 18 C. J. S., Copyright and Literary Property, § 16).

In our opinion it cannot be held on this record that plaintiff intended to render his plans common property by permitting them to be filed in the office of the Village Clerk. Such filing was a limited publication made for the definite purpose of securing a building permit and did not result in the surrender of any rights inconsistent with such limited purpose. "It is not the purpose of the filing requirement to facilitate and permit architectural plagiarism, or enable one to obtain free of charge the benefit of another's work." (*Edgar H. Wood Assoc.* v. *Skene,* 347 Mass. 351, 363.) "The architect derives no profit from the deposit of his plans with the building department. He does not thereby sell his work and has no intention of dedicating it to the public." (*Smith* v. *Paul,* 174 Cal. App. 2d 744, 750; see, also, *Ashworth* v. *Glover,* 20 Utah 2d 85; Katz, Copyright Protection of Architectural Plans, Drawings, and Designs, 19 Law and Contemporary Problems 224; Ann. 77 ALR 2d 1048.) The above cases correctly state the rule to be followed in this appeal and we reject the contrary holding in *Wright* v. *Eisle* (86 App. Div. 356).

The order and judgment should be reversed with costs and the motion denied.

MARSH, J. P., WITMER, MOULE and CARDAMONE, JJ., concur.

Order and judgment unanimously reversed with costs and motion denied.