BALLARD H. T. KIRK & ASSOCIATES, INC., APPELLANT, *v.*
POSTON ET AL., APPELLEES.

[Cite as Kirk, Inc., v. Poston
(1972), 33 Ohio App. 2d 117.]

(No. 11979—Decided July 24, 1972.)

*Messrs. Porter, Stanley, Treffinger & Platt, Mr.
Thomas E. Roberts* and *Mr. Michael P. Graney,* for appellant.

*Messrs. Brumleve, DeCamp & Wood* and *Mr. Thomas A. Zins,* for appellees.

HESS, P. J. The plaintiff corporation, herein referred to as Kirk and the appellant in this action, filed its complaint on April 27, 1971, alleging that it is engaged in the business of creating, designing and drawing architectural plans for the construction of buildings; that appellee Jack Poston (a defendant) is a shareholder, officer and director of Poston Builders, a corporation; and, that Poston Builders, Inc., is engaged in the business of constructing residential apartment buildings.

It is further alleged that early in 1969 Kirk provided certain architectural drawings, plans, and views to Spring-

dale Green Company, a corporation, which it used in the construction of an apartment building project in Springdale, Ohio; that Springdale Green Company supplied a copy of such architectural material to the appellees to enable them to bid on the carpentry subcontract work in the construction of the Springdale Green Apartments; and, that the appellees were the successful bidders for the carpentry work.

It is further alleged that on or about June 25, 1970, the appellees submitted to the Clermont County building inspector's office thirteen architectural drawings for its approval of the construction of an apartment complex; that a number of the drawings submitted were those done by Kirk for the Springdale Green project; that on June 25, 1970, the Poston corporation was granted a building permit on the material submitted and began construction on or about the same date.

It is further alleged that the appellees knowingly and maliciously converted Kirk's ideas, designs and plans to their own use by filing part of said plans with the Clermont County, Ohio, building inspector to obtain a permit for their own apartment project and constructing that project by the use of and in accordance with a portion of Kirk's plans.

Damages of $35,280 for the reasonable market value of the architectural material used were claimed and punitive damages of $100,000 were sought. The total amount prayed for against Jack Poston and Poston Builders, Inc., jointly and severally, was $135,280.

On the same date that the complaint was filed, Kirk directed interrogatories to Jack Poston and Poston Builders, Inc. On July 2, 1971, the appellees filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Thereafter and prior to the ruling on the motion to dismiss, answers to the interrogatories, a deposition, exhibits, and memoranda in support of and contra to the motion to dismiss were filed.

On November 12, 1971, the trial court granted appellees' motion to dismiss the complaint for failure to state

a claim. It is from this granting of appellees' motion that this appeal is taken.

Kirk presents a single assignment of error which states that the trial court erred in sustaining appellees' motion to dismiss for failure to state a claim.

The presentation in the complaint is based upon the rights of the creator in architectural drawings and plans as conferred by common-law copyright. Common-law copyright has been defined as "a property right * * * which exists independently of and notwithstanding copyrights statutes and entitles [the author or creator] * * * to the exclusive use of his production before publication * * *." 5 American Jurisprudence 2d 672, Architects, Section 10. Common-law copyright has been recognized in Ohio in *Holtzman* v. *Darby,* 28 Ohio Law Abs. 279.

Such common-law rights of an author or creator of literary property, including architectural plans and drawings, are released if the creator makes a general, as distinguished from a limited, publication of such plans. 5 American Jurisprudence 2d, *id.* General publication has been defined as "such a disclosure, communication, circulation, exhibition, or distribution of the subject of copyright, tendered or given to one or more members of the general public, as implies an abandonment of the right of copyright or its dedication to the public." *Werckmeister* v. *American Lithographic Co.* (C. C. A. 2, 1904), 134 F. 321, 326. A limited publication is "one which communicates a knowledge of its contents under conditions expressly or impliedly precluding its dedication to the public." *Werckmeister, supra* at 324. In determining whether a publication is general or limited, "it is clear that the unexpressed, subjective intention of the creator cannot be allowed to govern * * * rather the implications of his outward actions to the reasonable outsider are controlling." *Edgar H. Wood Associates, Inc.,* v. *Skene,* 347 Mass. 351, 360, 197 N. E. 2d 886, 892.

The only publication by Kirk alleged in the complaint is found in paragraph 4 thereof which states: "On or about March 8, 1968, Kirk created, designed and drew a

series of approximately forty-four (44) architectural drawings, which drawings describe and represent a number of views and details of certain twelve (12) unit apartment buildings. Kirk permitted the Springdale Green Company * * * to use said plans in the construction of an apartment project known as Springdale Green, which project is located on Chesterdale Drive, Village of Springdale, Ohio.'' The complaint does not allege that the publication of the architectural plans to the Springdale Green Company was made with any express restrictions, reservations or other limitations by means of an agreement, annotation on the plans, or otherwise, concerning the use and dissemination of such plans. The complaint therefore alleges a general publication of the drawings and plans to the Springdale Green Company. The allegation of a general publication of the architectural material is fatal to Kirk's cause of action. Such a publication releases Kirk's common-law copyright in the plans and drawings prior to the alleged use thereof by Jack Poston and Poston Builders, Inc.

The architect's common-law protection must necessarily be conditioned upon notice of the rights reserved in the architectural material produced. No such reservation is claimed by Kirk.

For the reasons given, the assignment of error herein is not well taken. The judgment of the Court of Common Pleas of Hamilton County, Ohio, sustaining the motion to dismiss the complaint for failure to state a claim is affirmed.

*Judgment affirmed.*

YOUNG and SHANNON, JJ., concur.