127 N.J. Super. 270 (1974)
317 A.2d 96
BETTY PEASE KRAHMER AND RICHARD DAVID CHALFANT, PLAINTIFFS,
v.
LARRY L. LUING, MRS. LARRY L. LUING AND JOHN W. HAND, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 12, 1974.
*272 Mr. Norman L. Zlotnick for plaintiffs (Messrs. Perskie & Callinan, attorneys).
Mr. Henry Gorelick for defendants Luings (Messrs. Hayman & Gorelick, attorneys).
Mr. George M. James for defendant Hand.
Mr. David Romberger for third-party defendant Ogden.
FRANCIS, J.S.C.
This motion to dismiss the complaint by third-party defendants concerns the alleged pirating of certain residential architectural plans which plaintiffs assert are *273 protected by common law copyright. A copy of the plans and specifications was filed by the property owner, Mrs. Betty Pease Krahmer, in the office of the borough building inspector, as required by borough ordinance. The residence was completed. Thereafter, John W. Hand, the contractor for the Krahmer home, built a second home for defendants Larry L. Luing and his wife from the drawings, plans, blueprints and specifications prepared by architect Richard David Chalfant for the Krahmer residence. Hand received these plans from defendant A. Gregory Ogden, the local building inspector. Ogden, a licensed architect, made revisions in these plans, but these revisions were minor. Krahmer covenanted in her contract with Hand that the drawings and specifications were the property of her architect. Krahmer also asserts property rights in the drawings and specifications through her participation in the planning of the residence and her contract with Chalfant. Krahmer and Chalfant bring this action based on common law copyright for compensatory and punitive damages, claiming that defendants used their architectural plans without their consent. Defendants contend that plaintiffs lost their property rights in the architectural plans when, although in conformity with the dictates of a building ordinance, they filed these plans with the office of the borough building inspector.
New Jersey extends its common law copyright protection to "literary, dramatic or musical compositions, or designs for works of ornament or utility, planned by the mind of an artist * * *." Aronson v. Baker, 43 N.J. Eq. 365, 367 (Ch. 1887). An architect's drawings and specifications clearly fall within the scope of common law copyright protection. Until publication, the common law copyright preserves the architect's work product from aunauthorized interference, and he may maintain an action against anyone who uses it without his consent. See generally, Katz, "Copyright Protection of Architectural Plans, Drawings and Designs," 19 Law and Contemp. Probs. 224. There can also be no doubt *274 that Krahmer has a protectable property interest in the Chalfant plans as a tenant in common. See Noble v. D. Van Nostrand Co., 63 N.J. Super. 534 (Ch. Div. 1960). The issue thus narrows into the question of whether, under the circumstances here present, plaintiffs made a publication of their architectural plans.
A publication can be either general or limited in scope. If the publication is a limited publication, the restrictions limiting the use of the subject matter to some definite purpose preserve the architect's common law protection. See Werckmeister v. American Lithographic Co., 134 F. 321, 324, 326 (2 Cir.1904) (per Townsend, J.); White v. Kimmell, 94 F. Supp. 502 (S.D. Cal. 1950), (per Yankwich, J.), rev'd on other grounds 193 F. 2d 744 (9 Circ. 1952), cert. den. 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357. The test is one of intention, i.e., did the act of the architect demonstrate an interest either to abandon his rights in the work or to dedicate it to the public?
It is a fundamental rule that to constitute publication there must be such a dissemination of the work of art itself among the public as to justify that it took place with the intention of rendering such work common property. [American Tobacco Co. v. Werckmeister, 207 U.S. 284, 299-300, 28 S.Ct. 72, 77; 52 L.Ed. 208 (1907)].
The burden of proving that the publication is divestive is on the defendants. New Jersey Dental Society v. Dentacura Co., 57 N.J. Eq. 593 (Ch. 1898), aff'd 58 N.J. Eq. 582 (E. & A. 1899).
The record does not support a finding that plaintiffs intended to render their plans common property by permitting them to be filed in the office of the borough building inspector. The purpose of the requirement of filing plans in a government office is to protect the public from unsafe construction. Such filing represents a limited publication because the mere filing of plans does "not result in the surrender of any rights inconsistent with such limited purpose." Shaw v. Williamsville Manor, Inc., 38 A.D.2d 442, 330 *275 N.Y.S.2d 623, 625 (App. Div. 1972). "It is not the purpose of the filing requirement to facilitate and permit architectural plagerism, or enable one to obtain free of charge the benefit of another's work." Edgar H. Wood Associates, Inc. v. Skene, 347 Mass. 351, 197 N.E.2d 886, 894 (Sup. Jud. Ct. 1964). "The architect derives no profit from the deposit of his plans with the building department. He does not thereby sell his work and has no intention of dedicating it to the public." Smith v. Paul, 174 Cal. App.2d 744, 750, 345 P.2d 546, 550 (D. Ct. App. 1959). See also, Ashworth v. Glover, 20 Utah 2d 85, 433 P.2d 315 (Sup. Ct. 1967) Annotation, 77 A.L.R.2d 1048. No objective intention to make a general publication appears on the record. The few reported cases which favor the defendants' position simply do not represent the modern or the better view. The Shaw case, cited supra explicitly overrules Wright v. Eisle, 86 App. Div. 356, 83 N.Y.S. 887 (App. Div. 1903). Moreover, it may be noted here that defendant Hand was under an affirmative contractual duty not to copy from these plans without the plaintiffs' consent.
The issue is also raised whether the erection of the residence described in the architectural plans constitutes such a general publication as will justify a copying of the plans. Performance is not a publication. White-Smith Music Pub. Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655 (1907). "A structure is the result of plans, not a copy of them. It follows that building a structure and opening it to public gaze cannot be a publication of its plans." Katz, op. cit. at 236. "[T]he right fully to reproduce plans is a far more substantial aid to a builder unwilling to pay for architectural services than the right to make sketches or drawings of a completed structure." Edgar H. Wood Associates, Inc. supra, 197 N.E.2d at 895. "Here the architect limited the use of his plans both as to the persons allowed to use the work [Mrs. Krahmer and her agent the builder] and to the use which such persons might make of the work [the construction of one house]." Smith, supra; 77 A.L.R.2d at *276 1047. These limitations as to persons and use meet the test of a limited publication. Of course, the interior or exterior is copyable by anyone with sufficient draftsmanship abilities. But construction of the residence is not a general publication of the architect's plans, drawings, blueprints and specifications; in short, his work product. See also, Tabor v. Hoffman, 118 N.Y. 30, 23 N.E. 12 (Ct. App. 1889).
The cases and authorities cited by defendant are not persuasive. See Gendell v. Orr, 13 Phila. 191 (C.P. 1879); Kurfiss v. Cowherd, 233 Mo. App. 397, 121 S.W.2d 282 (Ct. App. 1938). Commentators have sharply criticized the application of the performance rule to the field of architectural plans. See Note, 34 St. John's L. Rev. 326 (1960); Note, 73 Harv. L. Rev. 1391 (1960). But the fear that such application would result in "perpetual common law protection of unspecified scope to the work of the architect and to remove a majority of structures from the public domain," 73 Harv. L. Rev. at 1391, has proven to be unfounded. Moreover, federal copyright protection for published materials (17 U.S.C.A. § 1 et seq.) does not require the divestment of common law copyright protection for unpublished materials.
For the foregoing reasons, the motion to dismiss the complaint will be denied. Order accordingly.