556 P.2d 1231 (1976)
Harry J. MASTERSON, and Lorraine M. MASTERSON, Plaintiff-Appellants, and Cross-Appellees,
v.
A. I. McCROSKIE, Defendant-Appellee, and Cross-Appellant.
No. 75-700.
Colorado Court of Appeals, Div. II.
September 9, 1976.
Rehearing Denied September 30, 1976.
Certiorari Granted December 6, 1976.
*1232 Raphael M. Solot, Denver, for plaintiffs-appellants and cross-appellees.
Rothgerber, Appel & Powers, A. Frank Vick, Jr., Denver, for defendant-appellee and cross-appellant.
Selected for Official Publication.
VanCISE, Judge.
Claiming that McCroskie copied and used their house plans without their consent, the Mastersons brought this action for compensatory and exemplary damages based on alleged infringement of their common law copyright. After trial, the court concluded that the copyright was lost by general publication of the plans prior to McCroskie's acquisition and use of the copy. The Mastersons appeal that determination and the judgment of dismissal entered pursuant thereto. We affirm.
In 1972, plans and specifications for a house were drawn up jointly by Mr. Masterson, a home designer, and an architect whose rights in the plans were assigned to the Mastersons. These plans were original and reflected the creative and professional input of both Masterson and the architect.
A copy of the plans was submitted to the subdivision developer for design approval, and the required two copies were filed with the city building department in conjunction with the application for a building permit. Prior to and during construction, additional copies of the plans were delivered to the general contractor and to several subcontractors. The plans which were turned over to these agencies and persons were not numbered or marked confidential, and they showed only the street address and not the name of the owner or architect. They did not contain a notice of copyright claim, and bore no notation calling for their return or indicating any restriction or reservation against further use, reproduction, distribution or dissemination. Nothing was said to anyone about these plans being copyrighted or in any way restricted as to future use. On completion of their house, the Mastersons attempted to and did recover possession of some of the plans from the contractor and subcontractors.
Subsequent to completion of construction of the Masterson's house, McCroskie obtained a copy of the plans from a subcontractor and utilized them in the development of his own plans for a house which he constructed on property located about a block and a half away from the Masterson home. The exterior of the McCroskiebuilt house was substantially a replica of the outside of the Masterson home. The *1233 interior floor plan and the foundation design were not the same.
Common law copyright is a property right in the creator (or his assignee) of a literary production, including house plans and designs, which exists independently of statutory copyright and entitles the owner to the exclusive use of his product before publication. Ballard H. T. Kirk & Associates, Inc. v. Poston, 33 Ohio App. 2d 117, 293 N.E.2d 102 (1972). It is frequently described as the right of first publication. 18 Am.Jur.2d Copyright and Literary Property § 7. This right continues until, by publication, the literary production becomes the property of the general public, after which anyone may copy the work. Smith v. Paul, 174 Cal.App.2d 744, 345 P.2d 546 (1959); Associated Press v. International News Service, 245 F. 244 (2d Cir. 1917), aff'd, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211.
Yet not every publication results in a loss of the copyright. There are two forms of publication, general and limited, and the right is lost on the first general, as distinguished from a limited, publication by or with the consent of the owner. Kurfiss v. Cowherd, 233 Mo.App. 397, 121 S. W.2d 282 (1938); DeSilva Construction Corp. v. Herrald, 213 F.Supp. 184 (D.Fla. 1962). A limited publication is one which is restricted both as to persons and as to purpose. It is a publication "which communicates a knowledge of its contents under conditions expressly or impliedly precluding its dedication to the public." Smith v. Paul, supra. A general publication is "such a disclosure, communication, circulation, exhibition, or distribution of the subject of copyright, tendered or given to one or more members of the general public, as implies an abandonment of the right of copyright or its dedication to the public." Werckmeister v. American Lithographic Co., 134 F. 321 (2d Cir. 1904). In determining whether a publication is general or limited, "it is clear that the unexpressed, subjective intention of the creator cannot be allowed to govern; rather the implications of his outward actions to the reasonable outsider [must be] controlling." Edgar H. Wood Associates, Inc. v. Skene, 347 Mass. 351, 197 N.E.2d 886 (1964); see Kurfiss v. Cowherd, supra.
The parties concede that prior to the distribution of any copies, the Mastersons had a common law copyright in the plans. Additionally, it is clear that their copyright was infringed, at least as to the exterior plans, unless they made a general publication before McCroskie copied and used them in the construction of the exterior of his own house. See Nucor v. Tennessee Forging Steel Service, Inc., 476 F. 2d 386 (8th Cir. 1973). Whether under the circumstances of this case there was a general publication is the issue on this appeal.
The mere filing of copies of the plans with the city in compliance with the requirement that they be so filed in order to obtain a building permit is a limited publication only. Smith v. Paul, supra; Kramer v. Luing, 127 N.J.Super. 270, 317 A.2d 96 (1974); Jones v. Spindel, 128 Ga. App. 88, 196 S.E.2d 22 (1973); Shaw v. Williamsville Manor, Inc., 38 A.D.2d 442, 330 N.Y.S.2d 623 (1972). Similarly, the act in and of itself of submitting a set of plans to a land developer for design approval, as required by subdivision covenants, is a publication for a restricted purpose. Also, standing alone, delivering plans to contractors and subcontractors for bidding purposes and to the successful bidders to assist them in constructing the house is a limited purpose publication. Nucor v. Tennessee Forging Steel Service, Inc., supra; cf. Ballard H. T. Kirk & Associates v. Poston, supra.
Where as here there is no statutory copyright, constructing the house according to the plans and thereby incorporating the design into the structure, in plain view of the general public, constituted a general publication at least as to the exterior plans. Wright v. Eisle, 86 App. Div. 356, 83 N.Y.S. 887 (1903); Kurfiss v. Cowherd, supra; Read v. Turner, 239 Cal. App.2d 504, 48 Cal.Rptr. 919 (1966); Shanahan v. Macco Construction Co., Inc., *1234 224 Cal.App.2d 327, 36 Cal.Rptr. 584 (1964). The exterior exposed to public view is copyable by anyone. Smith v. Paul, supra.
Also, considering all of the above events together, coupled with the fact that all of the copies were delivered without any notice of claim of copyright or any express restrictions, reservations, or other limitations by means of an agreement, annotation on the plans, or otherwise concerning use and dissemination of the plans, we hold that there was a general publication of the plans before McCroskie obtained his copy. See Ballard H. T. Kirk & Associates v. Poston, supra. By publishing their plans, the Mastersons lost all rights to protection against their use by anyone else. Shanahan v. Macco Construction Co., Inc., supra.
Inasmuch as the judgment in favor of McCroskie is affirmed, it is unnecessary to pass on the damages issue raised in the cross-appeal.
Judgment affirmed.
SILVERSTEIN, C. J., and STERNBERG, J., concur.